SALENO, *Appellant*, v. THE CITY OF NEOSHO.

In Banc, March 19, 1895.

1. **City**: ORDINANCE: PRESIDENT OF BOARD OF ALDERMEN. The fact that an ordinance of a city of the fourth class was not signed by the president of the board of aldermen, as required by Revised Statutes, 1889, section 1599, does not render it invalid.

2. ———: ———: ———. The acting president of the board of aldermen of such city may, under Revised Statutes, 1889, section 1616, approve an ordinance in the absence of the mayor.

3. ———: CONTRACT: STATUTE. Failure to make a contract in duplicate and to file it with the proper city official, as required by Revised Statutes, 1889, section 3158, does not render it void, said section not making such acts a condition precedent to the validity of the contract.

4. ———: ———: CONSTITUTION: MUNICIPAL INDEBTEDNESS. A contract by a city to pay a fixed price annually for twenty years for furnishing water, such payment to be contingent on the water being supplied, does not create an indebtedness on the part of the city within the meaning of the constitution, article 10, section 12, fixing the limit of municipal indebtedness.

*Appeal from Barton Circuit Court.*—Hon. D. P. Stratton, Judge.

Reversed and remanded.

*Thurman & Wray* and *J. H. Pratt* for appellant.

(1.) A contract at the common law is an agreement for a sufficient consideration to do, or not to do, some particular thing. 1 Parsons on Contracts, sec. 6. The contract is said to be complete when the minds of the contracting parties meet; when a proposition is made by one and accepted by the other of the contracting parties. *Wilson v. Board,* 63 Mo. 137; *Langstrauss v. Ins. Co.,* 48 Mo. 201. (2) This contract does not fall within the purview of section 3157, in relation to county contracts, but comes within the rule that, where there is a special statute in relation to the manner of doing a thing, it will prevail over a general one. *Railroad v. Railroad,* 105 Mo. 591; *State v. DeBar,* 58 Mo. 398. (3) Every term and every obligation is clearly stated in the record of the city of Neosho, and assented to by plaintiff, which constitutes a valid and binding contract within the purview of section 3157, Revised Statutes, 1889. *Walker v. Linn County,* 72 Mo. 650; *Riley v. Pettis County,* 96 Mo. 318. (4) The contract in question does not create a debt for the aggregate amount which may become ultimately payable on it within the meaning of section 12, article 10, of the constitution. Words used in the constitution will be presumed to have been used in their general and accepted sense. Constitutions are intended to be understood by the masses of the people who give their sanction to them before they are binding on anyone. Cooley's Constitutional Limitations, sec. 68; *State ex rel. Laughlin,* 75 Mo. 154; *State ex rel. v. Leffingwell,* 54 Mo. 471. (5) In construing the

provisions of the constitution of Missouri, adopted in 1875, the court will presume that its framers had an intelligent view of the wants and necessities of cities and towns, authorized to be organized and maintained under it. *State ex rel. v. Walker*, 97 Mo. 162; Cooley on Const. Lim. [4 Ed.], sec. 79; Constitution of Missouri, sec. 7, art. 9. (6) The organization and maintenance of local self government by means of cities and towns having been expressly authorized by the constitution, the courts will not construe its provisions so as to impair the usefulness of such municipalities, unless the language is so clear that no other construction can be intelligently placed upon it. *Valparaiso v. Gardner*, 97 Ind. 1. (7) A contract to pay for a commodity to be furnished, or a service to be performed, is not a debt in the common and general acceptation of the word. It only becomes a debt when the commodity is furnished or service is performed. *Wentworth v. Whitman*, 1 Mass. 471; *Ward v. Partridge*, 11 Mass. 488; *Weston v. City*, 17 N. Y. 112; *Garrison v. Howe*, 17 N. Y. 465; *Smith v. Dedham*, 144 Mass. 179; *Laycock v. City*, 35 La. An. 497; *City v. Woessner*, 58 Texas, 467. (8) The word "indebted," as used in section 12, article 10, of the constitution of Missouri, does not include contracts for the annual supply of municipalities with such necessaries as light and water, and such contracts do not create a debt within the meaning of said section for the aggregate amount which ultimately may become due. *Dively v. City*, 27 Iowa, 233; *Grant v. City*, 36 Iowa, 401; *Budd v. Budd*, 59 Fed. Rep. 735; *Water Co. v. City*, 60 Fed. Rep. 957; *State v. McCauley*, 15 Cal. 454; *Koppikus v. Com'rs*, 16 Cal. 252; *People v. Pacheco*, 27 Cal. 207; *East St. Louis v. Co.*, 98 Ill. 429; *Company v. City*, 31 Ill. App. 339. (9) The provisions in section 12 of article 10 of the constitution of 1875, limiting indebtedness to five per cent. of the assessed valuation,

was taken from section 3, article 11, constitution of Iowa, adopted in 1846, and the cases of *Dively v. Cedar Falls*, 27 Iowa, 233, and *Grant v. City*, 36 Iowa, 401, were decided in 1869 and 1872, and in adopting our constitution in 1875 we adopted the construction at the time placed upon this provision by the Iowa supreme court. Cooley on Const. Lim. [4 Ed.], page 64, note 2; *Valparaiso v. Gardner*, 97 Ind. 1; *Attorney v. Brunst*, 3 Wis. 790; *Skrainka v. Allen*, 76 Mo. 389; *Skouten v. Wood*, 57 Mo. 382; *Bank v. King*, 73 Mo. 591; *Law v. Blanchard*, 116 Mass. 273; *Commonwealth v. Hartnett*, 1 Gray, 450.

*O. L. Cravens* and *George Hubbert* for respondent.

(1) The waterworks ordinance, number 113, so called, is void because it was never properly signed, approved or published. R. S. 1889, secs. 1599 and 1616. (2) The election ordinance is void because it was not approved by the mayor as it requires. R. S. 1889, secs. *supra*. (3) The election on the water ordinance is void for lack of previous notice thereof and the result was never lawfully ascertained. The notice should have been given as required by the ordinance. It is an absolute jurisdictional prerequisite to the validity of the special election and is of the essence and substance of every special election. It does not appear to have been given in this case and consequently the subsequent acts of plaintiff, under the election, never acquired any legal force or effect. 24 Cent. Law Journal, 487, 488; *Stephens v. People*, 89 Ill. 337; *Dickey v. Bilbert*, 5 Cal. 345; *McPike v. Pem*, 51 Mo. 63; *State ex rel. v. Tucker*, 32 Mo. App. 620; *Bean v. Barton County*, 33 Mo. App. 635; *State v. Railroad*, 75 Mo. 526. (4) The alleged contract was not made or subscribed in duplicate by both parties or

deposited as the law requires, and is, therefore, void. R. S. 1889, secs. 1589 and 2794. There being no contract in writing, dated when made and subscribed by the parties, Saleno acquired no rights and the city incurred no liabilities; nor can there be a recovery on *quantum meruit;* nor any estoppel or ratification. *Walcott v. Lawrence Co.,* 26 Mo. 26; *Johnson v. School District,* 67 Mo. 319; *Rumsey Mfg. Co. v. Schell City,* 21 Mo. App. 175; *Maupin v. Franklin Co.,* 67 Mo. 327; *Heidelberg v. St. Francois Co.,* 100 Mo. 69; *Sturgeon v. Hampton,* 88 Mo. 203; *Keating v. Kansas City,* 88 Mo. 203; *McDonald v. Mayor, etc.,* 68 N. Y. 23; *Stewart v. Cambridge,* 125 Mass. 102; *Starkey v. Minneapolis,* 19 Minn. 203; *Crutchfield v. Warrensburg,* 30 Mo. App. 465. (5) Under the ordinance the city incurred, if anything, an indebtedness beyond its income and revenue for the year and exceeding five per centum on its taxable property. *Book v. Earl,* 87 Mo. 246; *Bernard v. Knox Co.,* 105 Mo. 383. (6) The most obvious meaning of our constitution does not allow the city to incur such obligations as is alleged to such an extent. Indebtedness is a pecuniary obligation; it incurs liability of every sort, present and to accrue. 10 Am. and Eng. Encyclopedia of Law, 399; *Lake Co. v. Rollins,* 130 U. S. 662. (7) The limits on the city's power to levy taxes being not sufficient to pay annual expenses, appellant's claim makes the contracting of it void. *Loan Association v. Topeka,* 20 Wall (U. S.), 655; *Gould v. City,* 4 S. W. Rep. (Tex.) 650; *Gas Co. v. Brickwedel,* 62 Cal. 641; *Book v. Earl,* 87 Mo. 246; *Arnold v. Hawkins,* 95 Mo. 569; *Bernard v. Knox Co.,* 105 Mo. 382; *Black v. McGonigle,* 103 Mo. 193; *State v. Columbia,* 111 Mo. 365; *Company v. Lamar,* 26 S. W. Rep. 1025. (8) Constitutions the same as that of Missouri and similar ones are interpreted by the courts to mean what we claim for ours. *Beard v. Hopkins-*

*ville*, 24 S. W. Rep. 872; *Spilman v. Parkersburg*, 14 S. E. Rep. 279. "The contract upon which it [the indebtedness] arose, though in itself executory, and creating only a contingent liability, is also forbidden. Prohibition of the end is prohibition of the direct, designed and appropriate means." *Prince v. Quincy*, 128 Ill. 443; *Prince v. Quincy*, 105 Ill. 138; *Law v. People*, 87 Ill. 385; *Springfield v. Edwards*, 84 Ill. 226. (9) Statutory prohibitions like those in our constitution are construed by the courts in accordance with our view. *Davenport v. Kleinschmidt*, 13 Pac. Rep. 249; *State v. Atlantic City*, 40 N. J. Law, 558; *Water Works Co. v. Niles*, 59 Mich. 311; *Coulson v. Portland*, Deady's Rep. 481. (10) Under the law water supply is not properly a part of necessary or ordinary expenses in a fourth class city and could not be paid for as such. (11) Appellant can not rightfully recover upon his contract because he did not comply with its material conditions. (12) The excess of authority of the board of aldermen in attempting to bind the city in a forbidden manner and to an excessive extent vitiates the contract as an entirety and appellant is without remedy. *Hedges v. Dixon*, 37 Fed. Rep. 304; *Davis v. Town*, 46 N. J. L. 79; *State v. Mayor* (N. J. 1893), 26 Atl. Rep. 81; *Reineman v. Railroad*, 7 Neb. 310; *Millerstown v. Frederick*, 114 Pa. St. 435; *Bank v. School Dists.*, 57 N. W. Rep. 787; *Coffin v. Indianapolis*, 59 Fed. Rep. 221; *Company v. City*, 59 Fed. Rep. 327. (13) The monopoly attempted to be created by ordinance 113 is contrary to public policy, also against the bill of rights, and, therefore, void.

BURGESS, J.—This is an action upon a contract alleged to have been entered into between plaintiff and defendant, under which plaintiff erected for defendant, a city of the fourth class, a system of waterworks, and

defendant granted to plaintiff a waterworks franchise for a term of twenty years, and agreed to pay plaintiff for the use of water for city and other purposes, $2,000 a year for the use of fifty water hydrants for a term of twenty years, and $30 per year for each additional hydrant which the city, by its board of aldermen, might order for the use and benefit of the city. The action is for hydrant rental due. As to the amount there is no controversy.

The validity of the contract is denied by defendant, the only evidence thereof and details being included in an ordinance of said defendant, number 113. Section 15 of said ordinance reads as follows: "This ordinance shall become binding as a contract on the said city of Neosho, in the event that said S. V. Saleno or his assigns shall, within ten days from the passage and publication thereof, file with the city clerk of said city his written acceptance of the terms, obligations and conditions of this ordinance; and, upon such acceptance, this ordinance shall constitute the contract, and shall be the measure of the rights and liabilities of the said city and of the said S. V. Saleno."

On the fifteenth day of October, 1890, this ordinance was submitted to a vote of the people for ratification after its passage by the board of aldermen under authority of an ordinance, number 114, in which was set forth the object and purpose of the election to be held for the ratification or rejection of the contract as set forth in said ordinance first named, which last named ordinance provided for all the details for holding the election, including notice thereof, polling places, the kind of ballots to be used, manner of ascertaining and declaring the result of the election, and certifying the same.

An election was held in pursuance of the provi-

sions of this ordinance which resulted in an almost unanimous vote in favor of ratifying the contract as set forth by ordinance number 113. On the day next after the election, being October 16, 1890, the city clerk, by order of the board of aldermen, notified plaintiff that the contract had been ratified by a vote of the people of Neosho, voting at an election held in said city on the day previous at which there were more than two thirds of the legal votes polled at said election in favor of ratifying said ordinance number 113, there being two hundred and ninety-three votes polled for its ratification and thirty-two votes against it.

On the seventeenth day of October, 1890, plaintiff filed with said board his written acceptance of the contract. Plaintiff then gave bond, entered upon the construction of the waterworks, which were completed, and, subsequently, to wit, November 23, 1891, accepted by the board of aldermen. By the terms of the contract the hydrant rental is made payable semiannually, on the first days of January and July of each year. This suit was brought for the hydrant rental which became due July 1, 1892. The trial resulted in a judgment for defendant, and from the judgment plaintiff appealed.

The court declared the law to be: *First*. That the contract set forth in ordinance number 113, ratified by the people, and accepted by the plaintiff, as shown by the records of the city, was not sufficient to constitute a valid contract between plaintiff and defendant, and refused to declare the law to be that it was not necessary in order to the validity of the contract that it should be upon one paper, signed by both plaintiff and defendant, and that if the terms of the contract in said ordinance were ratified by the voters of defendant city, at an election lawfully held for that purpose, and plain-

tiff thereafter in writing accepted such terms, that the same constituted a valid contract.

*Second.* That if the hydrant rental could not be paid out of the levy of fifty cents on the $100, after paying all current expenses of the city, it constituted a debt for the amount that might ultimately become due, and refused to declare the law to be that a contract to pay the $2,000 a year for hydrant rental for a term of twenty years, did not constitute a debt within the meaning of section 12, article 10, of the state constitution, without reference to performance.

Plaintiff's first contention is that ordinance number 113 was signed by the acting mayor, attested by the clerk, ratified by a vote of the voters of the city of Neosho, and accepted in writing by the plaintiff and constituted a valid contract for furnishing said city with water, according to the terms and conditions as set forth in said ordinance.

Defendant is a city of the fourth class. By section 1599, Revised Statutes, 1889, which pertains to such cities, it is provided that, "No bill shall become an ordinance until the same is signed by the president of the board of aldermen and the mayor." By section 1616, the mayor when present is *ex officio* president of the board of aldermen.

The record shows that, although the mayor was present and presiding at the meeting of the board when ordinance number 113 was put upon its final passage, he did not authenticate its passage by his signature as such president of the board, and, because of his failure to do so, it is insisted by defendant that the ordinance never became effective. It is difficult to see the force of this argument, when it is provided by section 1618, Revised Statutes, 1889, that if the mayor should neglect or refuse to sign any ordinance or return the same with his objections in writing at the next meeting of

the board of aldermen, the same shall become a law without his signature.

By the very terms of the section last quoted on the neglect or refusal of the mayor to sign the ordinance or to return the same to the next meeting of the board of aldermen with his objections in writing thereto it becomes a law, and his failure to so return it must be regarded as equivalent to signing it.

The notice of holding the election with respect to the ratification of the ordinance by the voters, and everything pertaining thereto, as well also as the publication of the result of the election which was spread upon the records of defendant, seem to have been a fair and substantial compliance with the charter and ordinances of the city.

Another contention on the part of defendant is that the ordinance authorizing and calling the special election is void, for the reason that it is provided by section 9 of that ordinance, that it was to take effect and be in force from and after its passage by the board of aldermen and its *approval by the mayor*. At the time of its passage the mayor of the city was absent, and in consequence thereof it was approved by the then acting president of the board of aldermen.

By section 1616, Revised Statutes, 1889, it is provided that in the absence of the mayor, the board shall elect one of their own members to occupy his place temporarily, who shall be styled "acting president of the board of aldermen," while the following section provides that in case of temporary absence of the mayor, and until his return, the acting president of the board of aldermen, for the time being, shall perform the duties of mayor, with all his rights, powers and jurisdiction.

This ordinance was signed "John Meyers, Acting Pres. Board of Aldermen," and its approval seems to

have been in strict compliance with the provisions of defendant's charter, under the then existing circumstances. We are, therefore, of the opinion that section 9, in so far as its validity depended upon its approval by the mayor, was and is valid and that its approval by the acting president of the board of aldermen was all that the law required.

The objections raised by defendant as to the publication of the notice of the election, and the canvass of the returns thereof seem to be extremely technical and without merit.

It is argued by counsel for defendant that, as the contract sued upon was not made in duplicate and subscribed by both parties thereto, nor deposited in such office or with such officer of defendant as may have been charged with the keeping of its contracts, it is void, under sections 3157, 3158, Revised Statutes, 1889.

A similar question was passed on by this court in *Lamar Water, etc., Co. v. City of Lamar*, 26 S. W. Rep. 1025, in which BLACK, C. J., speaking for the court, said: "The ordinance could not take effect as a contract until ratified by the requisite vote, but it was competent, and perfectly proper, to pass the ordinance to take effect when ratified. Indeed, an ordinance setting forth the terms of the contract, and then approved by the necessary vote, and accepted in writing by the persons proposing to build the works, was all that was necessary to make a perfect and complete contract."

In the case in hand the ordinance setting forth the terms of the contract was approved by the necessary vote and accepted in writing by plaintiff, who was proposing to build the works, and clearly brings this case within the rule announced in the *Lamar Waterworks case*.

The validity of the contract in no way depends upon the provisions of said section 3158, as contended

by defendant. By that section in every case of contract entered into by any county, city, town, village, school district or other municipal corporations or by any officer or agent on their behalf, duplicate copies of the same are required to be executed, one of which shall be filed in such office or with such officer of the municipal corporation as may be charged with the keeping of the contracts thereof, and shall not be taken thence, except for the purpose of evidence in some legal matter or cause; but the law nowhere requires as a condition precedent to its becoming a contract that the instruments embodying its terms shall be signed in duplicate. If such was the law why say in every case of contract entered into, etc. The object and purpose of the statute in requiring duplicate copies to be executed and filed with the proper custodian was evidently for the purpose of preserving them as evidence to be used in any legal matter or cause, and not to make the duplicate copies constituent elements of the contract. Indeed, the statute provides that in case of variance between such copies the one on file shall control in the construction of the contract, which is very persuasive evidence at least, that the object in requiring duplicate copies to be taken was to preserve them as evidence. In executing the contract the requirements of the statute seem to have been observed, and it is not, we think, invalid because not properly executed.

Defendant contends that, under the ordinance, the city incurred, if anything, an indebtedness beyond its income and revenue for the year, and exceeding five per centum on its taxable property, while upon the part of plaintiff the contention is that the contract by the defendant city to pay a fixed price annually for a supply of water, for a term of twenty years, does not constitute a debt for the aggregate amount which may

ultimately become payable, within the meaning of section 12, article 10, of the state constitution.

The only allegation in the answer that can possibly be construed as having any reference to the power of defendant to enter into the contract is that wherein it is alleged that "defendant says that the alleged contract between the plaintiff and defendant was not within the scope of the powers of defendant, nor expressly authorized by law." It does not allege that, under the contract, the city incurred an indebtedness beyond its income and revenues for the year and exceeding five per cent. upon its taxable property. So that, the only question that we have to deal with is, as to whether the contract created an indebtedness upon the part of defendant, as contemplated by the constitution, and upon that question the authorities are not entirely in harmony.

In construing words used in that instrument, in the absence of some restriction placed upon their meaning, they must be given such meaning as is generally accorded to them. A debt is understood to be an unconditional promise to pay a fixed sum at some specified time, and is quite different from a contract to be performed in the future, depending upon a condition precedent, which may never be performed, and which can not ripen into a debt until performed. Here the hydrant rental depended upon the water supply to be furnished to defendant, and if not furnished no payment could be required of it.

That the contract did not create an indebtedness within the meaning of the section of the constitution before mentioned finds support in the fact that said section provides that any city incurring any indebtedness requiring the assent of the voters shall before, or at the time of doing so, "provide for the collection of an annual tax sufficient to pay the interest on such indebt-

edness as it falls due, and also to constitute a sinking fund for the payment of the principal thereof within twenty years from the time of contracting the same.'' The contract in suit provides for no interest; by its terms there is none to fall due, nor was the constituting a sinking fund, as required by the constitution for the payment of indebtedness, intended to apply to simple contracts that might never be performed.

A number of cases has been cited by defendant, in which it has been held, under constitutions containing similar provisions to those in the constitution of this state, that a contract to pay upon a contingency, as upon the happening of some event, such as the rendering service or furnishing supplies, is, in a sense, a debt. *Beard v. City of Hopkinsville*, 24 S. W. Rep. 872; *Spilman v. Parkersburg*, 14 S. E. Rep. 279; *East St. Louis v. East St. Louis, etc., Co.*, 98 Ill. 451; *Springfield v. Edwards*, 84 Ill. 626; *Law v. People ex rel.*, 87 Ill. 385; *Prince v. Quincy*, 105 Ill. 138; *Appeal of the City of Erie*, 91 Pa. St. 398; *Read v. Atlantic City*, 49 N. J. L. 558; *Waterworks Co. v. Read*, 50 N. J. L. 666; *Waterworks v. Niles*, 59 Mich. 311; *Putnam v. Grand Rapids*, 58 Mich. 416; *Davenport v. Kleinschmidt*, 13 Pac. Rep. 249; *Coulson v. Portland*, Deady's Rep. 481.

It is worthy of remark that, in each one of the cases cited the constitutional limit of indebtedness had been reached before the contract had been made, except *Waterworks v. Niles*, and in that case one of the members of the court, SHERWOOD, J., dissented. No such claim is made as to the city of Neosho.

Among the authorities which hold to a contrary rule, and that the word indebted, as used in state constitutions, as in section 12, article 10, of the constitution of Missouri, does not include contracts for the annual supply of municipalities with such necessaries as light and water and of a similar character, and con-

tracts for the payment therefor do not create a debt
for the aggregate amount which may become due upon
a compliance with the terms of the contract, may be
cited the following: Dively v. Cedar Falls, 27 Iowa,
227; Grant v. Davenport, 36 Iowa, 401; Budd v. Budd,
59 Fed. Rep. 735; Water Co. v. Walla Walla, 60 Fed.
Rep. 957; State v. McCauley, 15 Cal. 429; Koppikus v.
State Capitol Com'rs, 16 Cal. 248; People v. Pacheco,
27 Cal. 207; Carlyle Water, etc., Co. v. Carlyle, 31 Ill.
App. 339; s. c., 140 Ill. 445; Crowder v. Sullivan,
28 N. E. Rep. 94; Valparaiso v. Gardner, 97 Ind. 1;
Weston v. Syracuse, 17 N. Y. 110; Utica Waterworks
Co. v. Utica, 31 Hun, 430; Smith v. Dedham, 144 Mass.
179. See, also, 1 Dillon on Munic. Corp. [4 Ed.], sec.
135.

Our conclusion is that the weight of authority is
adverse to the contention of defendant, and is in accord
with the spirit and meaning of our constitution as we
understand it, and as we think also comports with bet-
ter reason.

Under section 1589, Revised Statutes, 1889, de-
fendant was given the power to prevent and extinguish
fires, and for that purpose to provide the necessary
means, including water, without first taking a vote of
its citizens to authorize it to do so, but no power was
given it to erect a system of waterworks for the pur-
pose of supplying the city and the inhabitants thereof
with water, or to contract with any person, company
or association, giving and granting to such person,
company or association the exclusive right to furnish
by any system of waterworks for the use of the city
for any length of time not to exceed twenty years, with-
out being authorized by a vote by ballot of two thirds
of its qualified voters voting at an election held for that
purpose provided by ordinance. As we have seen, the

ordinance providing for such an election was duly passed, and the election held, which resulted in a two thirds vote in favor of its adoption.

There are numerous other questions raised by counsel in their briefs to which we have not adverted, as, from what has already been said, the judgment must necessarily be reversed, and the cause remanded. It is so ordered. All concur.