## BEECHER v. COMMON COUNCIL OF DETROIT.

Taxation—Unconditional Debt—Exemptions.

An absolute liability for future payments of rent, under a lease for a term of years, does not constitute an unconditional debt of the lessee, within the meaning of section 9, Act No. 206, Pub. Acts 1893, exempting from taxation "so much of the debts due or to become due as shall equal the amount of *bona fide* and unconditional debts by the person owing."

*Certiorari* to Wayne; Frazer and Carpenter, JJ. Submitted June 17, 1896.   Decided July 28, 1896.

*Mandamus* by George L. Beecher and another, administrators of the estate of Luther Beecher, deceased, against the common council of the city of Detroit, to compel the reduction of an assessment against the estate. From an order denying the writ, relators bring *certiorari*.   Affirmed.

*Alfred Russell*, for relators.

*Charles D. Joslyn*, for respondent.

Montgomery, J.   This is *certiorari* to review the decision of Judges Frazer and Carpenter in refusing a *mandamus* to compel a modification of the assessment of the estate in relators' hands for the purpose of taxation. The facts, as disclosed by the return, are that the relators have credits in their hands amounting to $261,000, and that the estate is responsible, under the covenants of a lease of property known as the "Biddle House," in Detroit, for rent for 75 years at an estimated rental of $16,000.   The rent fluctuates on revaluations at intervals. The claim is that the assessors should have allowed the present value of the amount to grow due as rent, as an offset against these credits, and *mandamus* was asked to

require the common council to so modify the assessment as to give relators the benefit of the reduction.

The statute (section 9, Act No. 206, Pub. Acts 1893) exempts from taxation "so much of the debts due or to become due as shall equal the amount of *bona fide* and unconditional debts by the person owing." The contention by the counsel for the relators is that this statute is to be construed as meaning that so much of the debts due the taxpayer as shall equal the *bona fide* and unconditional debts owing by the taxpayer is exempt; and it is contended that the engagement to pay rent on this lease is a *bona fide* and unconditional debt owing by the estate, within the meaning of the statute. We think it is not such an unconditional debt as is contemplated by this statute. It is rather a charge upon an estate, which is supposed to equal the value of the estate to be enjoyed. It is no more an unconditional debt than would be a contract to pay for wheat, or any other commodity, to be delivered at a future time, at a stated price. In either case there is an obligation to pay, conditional upon the enjoyment of the estate or the receipt of the commodity; and, though the engagement may be absolute, we think it is not a debt, within the meaning of the statute, the aim of which is to offset against credits the unqualified obligations owing by the person taxed, which decrease his taxable property in fact.

The order of the circuit court is affirmed.

The other Justices concurred.