*625 OPINION.
Leech:
Petitioner seeks to deduct from income for the taxable year as “ a debt ascertained to be worthless,” $50,000 advanced “ by way of loan ” to her son and nephew, as copartners in the firm of A. L. Wolff and Company. Section 214 (a) (7), Revenue Act of 1924.
The rebuttable presumption is that this transaction constituted a gift or advance not to be accounted for. Storey v. Storey, 214 Fed. 973.
The evidence here does not rebut, but rather strengthens that presumption. The old partnership, bearing the name of petitioner’s deceased husband, which he created and conducted successfully, was threatened with failure and the resulting stigma on the name. The partners needed $100,000 cash to liquidate and satisfy the creditors. Petitioner furnished $50,000 of the stated amount to “promptly, advantageously and expeditiously ” liquidate the firm and preserve the heritage of financial' integrity her husband left upon his death, epitomized in the name of his firm. Cf. Max Baumann et al., Executors, 8 B. T. A. 107. That the taxpayer treated the transaction more as a gift than as a loan is further indicated strongly by the fact that in the contract providing for the “ advance by way of loan ” to the copartners, her son and nephew, she specifically released both copartners from personal liability, provided the covenants of the contract were kept; that is to say, if the firm were liquidated promptly, expeditiously and advantageously, which meant, under the circumstances, without financial failure and the resulting family financial dishonor she sought to prevent. George W. Griffiths, 25 B.T. A. 1292.
Petitioner was given a note signed by the copartners for the sum advanced, as provided by the written agreement, but this fact does not affect the legal deductibility for tax purposes of the amount involved. In C. B. Hayes, 17 B. T. A. 86, where a taxpayer sought to charge off as worthless an alleged debt of his son-in-law, evidenced by a note, the Board said:
* * * But a gift may not be claimed as a deduction for tax purposes by the device of taking a note for the amount of the gift. And this we deem so, even though the note may be legally enforcible, if there is no intent to enforce the note or reason to believe when taken that it can not be collected.
Also see George W. Griffiths, supra.
*626 However, we are of opinion that the record under no possible reasonable construction establishes a legally deductible debt existing at any time. At most, we find only the obligation to pay upon the happening of one or more contingencies, namely, the liquidation of the partnership with a surplus of assets sufficient to pay all other creditors and petitioner, a successful prosecution of the doubtful British claim with resulting funds sufficient to pay all creditors and petitioner, and/or failure on the part of the copartners to “ promptly, advantageously and expeditiously ” liquidate the partnership. As we held in J. S. Cullinan, 19 B. T. A. 930, “ The debts which the statute permits to be charged oh when ascertained to be worthless are debts where there is an obligation of the debtor to pay and a right of the creditor to receive and enforce payment.” The sine qua non of a debt is the obligation to pay. Preston C. West, 12 B. T. A. 725. And this means not a contingent obligation, but at ail events. In re Philadelphia Co., 18 Pa. Dist. 805, 85 Pa. Co. 442; Guaranty Trust Co. v. Galveston City R. Co., 107 Fed. 311; Poland v. Clark, 143 Cal. 176, 76 Pac. 958; Dwvn v. Neustadt, 129 N. Y. S. 161; Beecher v. Detroit, 110 Mich. 456, 68 N. W. 237; Saleno v. Neosho, 127 Mo. 627, 30 S. W. 190; Bovee v. Boyle, 25 Col. App. 165, 136 Pac. 467; Trask v. Livingston County, 210 Mo. 582, 109 S. W. 656; National Bank of Commerce v. Rockefeller, 174 Fed. 22; Commercial National Bank v. Taylor, 19 N. Y. S. 533.
The legal status of the transaction in controversy and its consequences for tax purposes was fixed by the contract in evidence, the terms of which were fulfilled according to the evidence presented. It was provided therein that no sum of money was payable to the taxpayer at all events, but only upon the happening of one or more contingencies. The contract created not a debt, but a liability, which could become a debt only upon the occurrence of a specified contingency. The evidence as to the failure of all these contingencies established not the worthlessness of a debt, but its nonexistence'., which necessarily precludes the asserted deduction. Luke & Fleming, Inc., 1 B. T. A. 12; Federal Fuel Co. 3 B. T. A. 814; J. S. Gullinan, supra.

Judgment viill he entered for the respondent.