MISSOURI TONCAN CULVERT COMPANY v. BUTLER COUNTY, MISSOURI,
Appellant.—No. 38959.—181 S. W. (2d) 506.

Division Two, July 3, 1944.

*Charles T. Bloodworth, Sr.,* Special Prosecuting Attorney, for appellant.

*Tedrick & Tedrick* for respondent.

■ BOHLING, C.—This is an appeal by Butler county, Missouri, from a judgment of $996.60 in favor of Missouri Toncan Culvert Company, a corporation. The county appealed and contends the corporation is not entitled to recover in any event because (1st) the alleged contract was not in writing and did not comply with Sec. 3349, R. S. 1939, and (2d) even if in writing, the alleged contract was void under Sec. 10, Art. 12, of the Missouri Constitution. With respect to the latter counsel for the corporation stated, upon argument, with commendable frankness that his client was "out" if the indebtedness accrued in 1940.

■ Section 12, Art. 10, of the Missouri Constitution, provides, so far as material: "No county . . . or other political corporation or subdivision of the State shall be allowed to become indebted in any manner or for any purpose to an amount exceeding in any year the income and revenue provided for such year, without the consent of two-thirds of the voters thereof voting on such proposition, at an election to be held for that purpose . . ."

The contract, if otherwise binding and legal, was entered into about December 10, 1940, the corporation selling to the county $999.60 worth of culvert material for road purposes, which was to be shipped before January 1, 1941; billed for on January 2, 1941, and paid within thirty days. The material was delivered on or before December 15, 1940.

The evidence established that the anticipated revenue of Butler county for road and bridge purposes for 1940 was less than $31,000; and that warrants were issued against said fund during said year in excess of $70,000; the total amount issued as of November 1, 1940, being in excess of twice the aggregate anticipated revenue for said purpose for 1940. The testimony discloses that County Judges Githens

and Smith were aware of the fact the county was out of funds,- did not have the money to pay, and conceived the idea of putting off payment until thirty days after shipment. Constitutional safeguards for the protection of the people's money are not to be circumvented in such manner. They were enacted for a wholesome purpose and should be strictly enforced. All are bound to take notice of such safeguards. While this constitutional provision impliedly authorizes the fiscal agents to anticipate the revenue of the current year in the administration of the county's affairs, it explicitly forbids the anticipation of revenues for any future year, a forbidden act which the named fiscal agents admittedly sought to override. Trask v. Livingston County, 210 Mo. 582, 594, 600, 109 S. W. 656, 659, 660, 37 L. R. A. (N. S.) 1045; Ebert v. Jackson County (Mo.), 70 S. W. 2d 918, 919[2]; Hawkins v. Cox, 334 Mo. 640, 648[3], 66 S. W. 2d 539, 543 [3-5]. These and other cases recognize and enforce the constitutional intent to abolish the credit system and to put counties and other political subdivisions on a cash basis by limiting the legal expenditures of any given year to the income and revenue of that year in the absence of some special authorization.

The corporation contends that the debt was not created until 1941 on the basis payment was not required until thirty days after January 2, 1941, under the contract terms. This is not well taken even under the corporation's case of Saleno v. City of Neosho, 127 Mo. 627, 639, 30 S. W. 190, 192, 27 L. R. A. 769, 48 Am. St. Rep. 653, which stated a debt is an unconditional promise to pay a fixed sum at some specified time. In the instant case the corporation performed its part of the contract by delivering the material to the county in 1940 and there can be no question but that under the contract, if legal, the county became obligated, became indebted, in 1940 to pay at a specified time. Sager v. City of Stanberry, 336 Mo. 213, 221[2, 3], 78 S. W. 2d 431, 435[2, 4]; Trask v. Livingston County, 210 Mo. l. c. 597, 109 S. W. l. c. 659; Ebert v. Jackson County (Mo.), 70 S. W. 2d l. c. 920. The contract contravened Sec. 12, Art. X, Mo. Const., and was void.

Some of the respondent's contentions on the other phase of the case are covered in Missouri-Kansas Chemical Co. v. Christian County, 352 Mo. 1087, 180 S. W. 2d 735, decided June 5, 1944.

The judgment is reversed. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.