Dear Dr. Brunner:
This letter is in response to the following question:
 Does a school district have the right to enter into a contract with the Department of Natural Resources to borrow money for energy conservation measures without the approval of [a] two-thirds majority of eligible voters under . . . [Section] 164.231 [sic]. If so, may the loan funds be repaid with the revenues derived from energy cost savings which will be calculated annually.
As we understand the situation, you wish to know if constitutional legislation can be enacted that allows the Department of Natural Resources to lend money to school districts to be used on energy conservation projects. These loans would be secured solely by the energy cost savings created by the implementation of the energy conservation projects. House Bill No. 296, Eighty-Third General Assembly, First Regular Session, is mentioned as an example of what you have in mind. House Bill No. 296 failed to pass the General Assembly last session. You also state that the energy cost savings would, at least in part, be derived from local taxation; however, you state that if no energy cost savings are created by the energy conservation measures, there is no obligation on the part of the school district to repay the "loan".
 I. School District Debts
Article VI, Section 26(a), Missouri Constitution, provides as follows:
 No county, city, incorporated town or village, school district or other political corporation or subdivision of the state shall become indebted in an amount exceeding in any year the income and revenue provided for such year plus any unencumbered balances from previous years, except as otherwise provided in this constitution. [Emphasis added.]
The First National Bank of Stoutland v. Stoutland SchoolDistrict R2, 319 S.W.2d 570, 573 (Mo. 1958), the court found the above-quoted constitutional provision to be a self-enforcing grant of power to school districts to incur indebtedness in an amount not exceeding in any year the income and revenue provided for such year plus any unencumbered balances from previous years. This power to issue tax anticipation notes has been codified in Sections 165.131, RSMo Supp. 1984, and 165.141, RSMo 1978.
However, it appears that you are interested in whether school districts can issue long-term notes without the voter approval required by Article VI, Section 26(b), Missouri Constitution.
In Saleno v. City of Neosho, 127 Mo. 627, 30 S.W. 190, 192
(banc 1895), the court defined the term "debt" in a predecessor of Article VI, Section 26(a), Missouri Constitution, as follows:
 A debt is understood to be an unconditional promise to pay a fixed sum at some specified time, and is quite different from a contract to be performed in the future, depending upon a condition precedent, which may never be performed, and which cannot ripen into a debt until performed.
In Bell v. City of Fayette, 325 Mo. 75, 28 S.W.2d 356 (banc 1930) the court held that an obligation payable from the savings created by the use of diesel engines did not create a "debt" in the constitutional sense, because the obligation was "a contingent liability which may or may not accrue."28 S.W.2d at 362. Likewise, the obligation to repay moneys used to obtain energy cost savings equipment and facilities is conditional, in that the obligation is contingent upon the actual occurrence of such energy cost savings. There is no unconditional obligation to pay tax moneys. There is no "debt" created within the meaning of Article VI, Section 26(a), Missouri Constitution.
Therefore, in the premises, voter approval under Article VI, Section 26(b) is not required.
 II. Department of Natural Resources Lending
Article III, Section 38(a), Missouri Constitution, provides in part: "The general assembly shall have no power to . . . authorize the lending of public credit, to any private person, association, or corporation, excepting . . . ". It has been held that a predecessor of this constitutional provision does not apply to public schools. State ex rel. Clark v. Gordon,261 Mo. 631, 170 S.W. 892, 894-895 (banc 1914). We do not believe that there is a constitutional barrier to the Department of Natural Resources lending money to public schools; of course, there would have to be some kind of statutory authority authorizing the Department of Natural Resources to make these loans.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General