MOLLIE McSHANE, Respondent, v. SCHOOL DISTRICT NUMBER 5, TOWNSHIP 32, RANGE 18, Appellant.

Kansas City Court of Appeals, May 3, 1897.

1. **Schools:** TEACHER'S CONTRACT: DUPLICATE: FILING WITH CLERK. A teacher's contract with a district board need not be in duplicate nor filed with the clerk, since those matters are things within the control of the board and if neglected can not defeat the teacher.

2. ———: PRESUMPTION AS TO TEACHER'S QUALIFICATION: DUTY OF DIRECTORS. Since the directors are forbidden to employ a teacher not legally qualified, in the absence of anything appearing to the contrary, the courts will indulge in the presumption that the directors did their duty and that the teacher was legally qualified.

3. ———: ———: CLERK'S ATTESTATION. Where the clerk without any fault or neglect of the teacher fails to attest the contract, the failure will not render nugatory the contract which the board of directors had the power to make.

*Appeal from the Dallas Circuit Court.*—HON. ARGUS COX, Judge.

AFFIRMED.

*O. H. Scott* for appellant.

(1) No legal contract was ever entered into with the plaintiff.    The law requires these contracts to be executed in duplicate.    R. S. 1889, sec. 3158.    And the copy filed with the district clerk is the only competent evidence of execution.  *Fur. Co. v. Dist. No. 7*, 51 Mo. App. 549;  *Taylor v. School Dist. No. 3*, 60 Mo. App. 372;  *School Dist. No. 3 v. Smalley*, 58 Mo. App. 658. (2) There was no competent evidence that plaintiff had a certificate.    Plaintiff's mere statement was not proper

evidence. There was no evidence that the certificate was indorsed by the commissioner of Dallas county, or that the certificate was in force for the full time for which the contract was made. R. S. 1889, sec. 7995. (3) The record of the district is the only competent evidence of its action; and the district can only be bound by the action of the board at a regular or special meeting called as provided by statute. R. S. 1889, sec. 7995; *Kane & Co. v. School Dist., Calhoun*, 48 Mo. App. 508; *County of Johnson v. Wood*, 84 Mo. 489; *Crutchfield v. Warrensburgh*, 30 Mo. App. 456; *Bank v. Moulder*, 53 Mo. App. 535. (4) In order to avoid complications the legislature has enacted a special rule of order governing school boards in the employment of teachers. Compare section 7046, R. S. 1879, with section 7995, R. S. 1889. The statute is mandatory in this, that all transactions of the board governing the employment of teachers "must be recorded and filed with the district clerk." See last clause of section 7995, R. S. 1889. The demurrer to the evidence should have been sustained.

*James T. Moore* for respondent.

(1) The law requiring duplicate contracts is directory and not mandatory. "The law nowhere requires, as a condition precedent to its becoming a contract, that the instrument embodying its terms shall be signed in duplicate." *Salono v. The City of Neosho*, 127 Mo. 638. This opinion overrules the case of *Furnishing Co. v. District No. 7*, 51 Mo. App. 549. (2) There was sufficient evidence that plaintiff has a legal certificate. (3) The evidence in this case shows that there was a special meeting regularly called and regularly held by the members of the school board of school district num-

ber 5 to employ the plaintiff as teacher. At this meeting all of the members of the school board were present in an official capacity. In this respect the requirement of section 7995, Revised Statutes, 1889, were complied with. (4) The teacher has no control over the records of the school board and is nowise responsible for them. To say that after a teacher has duly entered into a written contract such as the law prescribes, and has duly entered upon the performance of her duties as teacher that the whole proceeding is subject to annulment by the negligence, obstinacy, or perversity of a refractory district clerk, would certainly be a strained and unnatural construction of the statute and a glaring perversion of the most obvious principles of common justice. It will not be presumed that the legislature authorized a proceeding unreasonable in itself. *Cole v. R. R.*, 47 Mo. App. 624; *Neenon v. Smith*, 50 Mo. 525. In this connection attention is directed to section 7996, Revised Statutes of 1889, which enacts concerning teachers' contracts, "the contract required in the preceding section shall be construed under the general law of contracts, each party thereto being equally bound thereby." (5) The conclusive evidence of the teacher's agreement with the district is her written contract, executed as provided by law, and not the record of the school board made by its district clerk. R. S. 1889, sec. 3158; *Salono v. City of Neosho*, 127 Mo. 638.

SMITH, P. J.—This is an action brought by the plaintiff against defendant to recover $50 for services rendered under a written contract for teaching a district school in said district for two months. There was a trial resulting in a judgment for plaintiff and from which latter defendant appealed.

The salient facts as disclosed by the evidence contained in the record may be grouped in this way: The

McShane v. School District.

STATEMENT. plaintiff applied to the directors of said school district for employment to teach the school in their district. The latter met at the house of one of their number and there agreed with plaintiff to employ her to teach a four month's term at $25 per month. Accordingly two of the directors with the assent of the third went with plaintiff to the house of the district clerk and there wrote a contract embodying therein the verbal agreement previously made which was later on during the same day signed by the plaintiff, the president of the board of directors and the other two of the directors as well. The clerk of the district was not at home and consequently was not present at the meeting of the directors. Two days after the signing of the contract two of the directors with the consent of the third met with the plaintiff at the schoolhouse and opened the school and thereupon the plaintiff began teaching the same and continued to do so for the next two months. It appears that the directors of the school had, previously to the time of entering into the contract with the plaintiff, entered into a similar contract with one Miller but he had not commenced to teach at the time required by the contract and so they (the directors) had concluded that he had abandoned his contract and would not or could not comply therewith and so they had accordingly employed plaintiff to teach the term in his stead.

But Miller did appear after plaintiff had commenced her school and thus the directors found themselves occupying the embarrassing attitude of having a contract with both Miller and plaintiff to teach the school for the term. Thereupon the directors sought to escape from the consequences of their negligence by repudiating their contract with the plaintiff. They gave her "notice to quit" teaching but this it seems she did not do. They then declined to take the neces-

sary steps to have her paid for her services. It seems she complied with all the requirements of the law and her contract in respect to teaching the school. It does not appear that the action of the directors touching the employment of the plaintiff was entered on the record of the board, nor does it appear that the district clerk attested the contract. It seems after Miller appeared and claimed the right to teach the school that the president of the board was unable to get the district clerk or the other members of the board to meet and formally place upon the record the transaction with plaintiff. The defendant insists as a ground for the reversal of the judgment that no contract was entered into by the defendant with the plaintiff for the reasons, *first*, that it was not executed in duplicate, and, *second*, that a copy thereof was not filed with the district clerk.

The first of these objections is sufficiently answered by what is said in *Saleno v. Neosho,* 127 Mo. 638, and in the dissenting opinion of Judge GILL in *Globe Furniture Co. v. District No. 7*, 51 Mo. App. *loc. cit.* 552–553. These cases declare that the execution of a contract of this kind in duplicate is not a condition precedent to its becoming a contract. The statute requiring the duplicate execution thereof is simply directory. The opinion of the majority of this court in the former of these cases is in effect overruled by the latter.

SCHOOLS: teacher's contract: duplicate: filing with clerk.

And as to the second objection it is to be observed that the contract was not entered into in duplicate and one copy filed with the district clerk was a failure on the part of the board to do an act not within the control of the plaintiff and for the omission of which she was not to be prejudiced. *Scruggs v. Scruggs*, 41 Mo. 243; *Lincoln v. Thompson*, 75 Mo. 613. The omitted act as we have seen was not one that was

essential to the validity of the contract which we think was properly admitted in evidence.

The plaintiff testified without objection that she deposited the certificate of qualification required by law, section 8021, Revised Statutes, with the directors. This instrument was not offered in evidence but we may presume it met the requirements of the statute in material particulars, otherwise the directors would not have contracted with plaintiff to teach the term. The directors are forbidden by statute, sections 8022, 7995, Revised Statutes, from employing a teacher not legally qualified to teach, and in the absence of anything appearing to the contrary we may indulge the presumption that the directors did their duty; i. e., that the plaintiff with whom they are shown to have contracted was a legally qualified teacher or, which is the same thing, that she had the statutory certificate of qualification.

*——: ——: presumption as to teacher's qualification: duty of directors.*

The statute, section 7995, provides that the contract shall be signed by the teacher and the president of the board, and attested by the clerk of the district when the teacher's certificate is filed with the clerk. The board of directors were invested by the statute with authority to enter into a contract with plaintiff to teach the term of school and having done this it is clear that the subsequent omission of the clerk to attest such contract did not have the effect to invalidate it. The directors had the certificate in their possession and it was probably their duty to direct the same to be filed by the clerk. He would hardly be authorized to file it without some such direction. The omission of the clerk does not seem to have been occasioned by any fault or neglect of the plaintiff. But however this may be we are not of the opinion that

*——: ——: clerk's attestation.*

the contract once duly executed by the proper parties thereto could afterward be rendered nugatory by any omission of the district clerk. It was not dependent for its validity upon the observance by the clerk of this statutory direction but rather upon whether the statute conferred upon the directors, of which there is no question, the power to enter into the same with plaintiff.

While it appears that the employment of the plaintiff by the defendant directors was attended with considerable irregularity, yet we are unwilling to visit the consequences thereof on the innocent plaintiff and declare that she can recover nothing for the services she has actually performed under that contract.

Accordingly with the concurrence of the other judges an affirmance of the judgment is ordered.