J. A. PUGH, Respondent, v. SCHOOL DISTRICT NO.
5, Township 59, Range 31, Appellant.

Kansas City Court of Appeals, November 6 and December 4, 1905.

SCHOOLS: Teacher's Employment: Meeting of Board: Contract.
The employment of a teacher must be by the members of the
board as a board, and at a regular or special meeting, and can-
not be made by the individual directors, though the contract
is regular on its face and recorded on the record book by the
clerk. *Cases distinguished.*

Appeal from DeKalb Circuit Court.—*Hon. Alonzo D.
Burnes,* Judge.

REVERSED.

*Wm. M. Fitch* for appellant.

(1)   A school district is a quasi corporation, and
can exercise only such powers as are given it by the
statutes and only in the way provided by statute.   Bu-
chanan v. School District, 25 Mo. App. 85; Frazer v.
School District, 24 Mo. App. 250; Rudy v. School Dis-
trict, 30 Mo. App. 1. c. 117; Cheeney v. Brookfield, 60
Mo. 53; Johnson Co. v. Wood, 107 Mo. 1. c. 515.   (2)
Persons contracting with school directors must take
notice of their limited powers; and a contract in excess
of their powers cannot be enforced.   Rudy v. School Dis-
trict, 30 Mo. App. 1. c. 117; Cheeney v. Brookfield, 60
Mo. 53.   (3)   A school board cannot act except when
assembled together in a meeting as a board of directors,
and neither two nor all of the directors acting separate
and apart from each other, could bind the district by any
contract they might make.   Johnson v. School District,
67 Mo. 1. c. 321; R. S. 1899, sec. 9766; Honaker v. Board
of Education, 42 W. Va. 170, 32 L. R. A. 413.

*Hewitt & Hewitt* for respondent.

(1) Section 9767, Revised Statutes 1899, reads: "The contract shall be made by order of the board, shall be signed by the teacher and the president of the board and attested by the clerk of the district when the teacher's certificate is filed with the clerk." Upon its face it meets all the requirements of the statute. McShane v. School District, 70 Mo. App. 624; R. S. 1899, sec. 9749. (2) Section 9767, School Law 1899, declares: "The contract required in the preceding section shall be construed under the general law of contracts, each party thereto being equally bound thereby. Neither party shall suspend or dismiss a school under said contract without the consent of the other party." Crabb v. School District No. 1, 93 Mo. App. 254. (3) The instructions on the part of the defendant were more favorable than defendant was entitled to under the law and the evidence.

ELLISON, J.—Plaintiff claims that he was employed by defendant school district to teach a school for a period of three months at thirty-three and one-third dollars per month; and that after teaching for seven days the directors refused to permit him to continue, though he was always willing and ready to perform the contract. He recovered judgment in the trial court for one hundred dollars.

Plaintiff was shown to be duly qualified, under the requirements of our statute, to teach school. But he does not show that he was legally employed by the board of directors. He had a formal written contract signed by the president of the board of directors and himself and attested by the clerk. But there was no board meeting authorizing his employment. His employment came in fact from a verbal understanding between him and two of the three directors had on April

114 app—44

4th just before the expiration of the terms of such directors. The next day a new directory was elected at a regular annual meeting and the legality of his contract was questioned by the board. The written contract referred to was by plaintiff given to the clerk and by him recorded on the records of the board after the new directors were elected. At the end of seven days the directors locked the schoolhouse and prevented plaintiff from further teaching, and the board afterwards employed another teacher.

A teacher cannot be legally employed to teach school by the individual directors. The employment must be made by the members as a board, at a regular or special board meeting. [Section 9766, R. S. 1899; Johnson v. School District, 67 Mo. 319; Honaker v. Board of Education, 42 W. Va. 170; Aikman v. School Dis., 27 Kans. 129; Hazen v. Lerche, 47 Mich. 626; Townsend v. School Trustees, 41 N. J. L. 312.] The facts in the case of McShane v. School District, 70 Mo. App. 624, do not appear as clearly as they might. But we do not understand the case to hold it unnecessary that there should be a meeting of the board of directors in regular or special session, for that would be directly in the face of the statute itself.

Nor does the fact that the alleged contract was given to the clerk and by him recorded amount to a ratification of the contract. No fair and proper interpretation of the record before us would show a ratification or any intention to ratify. Stress seems to be laid upon the fact that the contract is regular upon its face—that it is duly signed and attested. But such contracts, though appearing regular, are not conclusive of their legality and binding force. If that were the rule, it is easy to see how the statute and the general law governing such corporate bodies might be wholly set aside.

The judgment is reversed. All concur.