THE STATE OF MISSOURI ex rel. William Riley Morehead, Respondent, v. JOSEPH L. CART-WRIGHT et al., School Directors, etc., Appellants.

Kansas City Court of Appeals, January 14, 1907.

1. SCHOOLS: District Clerk: De Jure: De Facto: Enumeration. The directors of a district should at a regular meeting or a special one, appoint a clerk; but where one for years has assumed the office and is recognized as such and his acts and services as such are acknowledged and acted upon by the board and the public he is an officer *de facto* and his acts as such are binding upon the board and district; and an enumeration returned by him in the regular course of business is binding upon the board and the district.

122 App—17

State ex rel. v. Cartwright.

2. ———: **Negro Children: Duty of Board: Statute.** When there are within the school district fifteen or more colored children of school age as shown by the last enumeration the school board should establish and maintain a separate free school for such children.

3. ———: **Enumeration: Fraud.** The evidence relating to the taking of the enumeration of the colored children in a district is considered and is held to be fraudulent and without binding force whether the act of returning the same be ministerial or judicial.

4. ———: ———: **Good Faith: Amendment: Mandamus.** An enumeration filed by a school district in good faith though incorrect is lawful and omissions inadvertently made therefrom may be corrected by a compulsory amendment in a mandamus proceeding; but a fraudulent enumeration is void and there is nothing to amend and an action in mandamus based upon the enumeration of 1905 cannot be defeated by a fraudulent enumeration made in 1906 but rests upon the former enumeration.

5. ———: ———: **Mandamus: Expiration of Year: Colored School.** The fact that the school year expired before the trial will not defeat a mandamus proceeding instituted in that year on the enumeration thereof and the writ will go to establish and maintain a colored school.

Appeal from Pettis Circuit Court.—*Hon. Lewis Hoffman,* Judge.

AFFIRMED.

*W. D. Steele* for appellants.

(1) It was illegal for the trial court to admit parol evidence to show the number of colored children of school age in the district. The enumeration list filed with the county clerk is the only legal evidence to determine the number of colored children in the school district, and the school board could only be governed by what the enumeration list showed, as filed in the office of the county clerk. R. S. 1899, sec. 9770. (2) The law makes it the duty of the school board to take the enumeration

and not the duty of the district clerk. The board may take the enumeration or cause the same to be taken by some one employed and directed by the board. (3) .The school board must be governed by the last enumeration and this is so whether said enumeration be right or wrong. The last enumeration is binding on the school board and, they must be governed accordingly. If the enumerator has made a false enumeration he may be punished under the law for so doing. R. S. 1899, sec. 9770. (4) If the person employed and directed by the school board to make the enumeration for a school district and such person so employed makes a false or incorrect enumeration the circuit court has power by writ of mandamus to require the person taking such enumeration to correct the same; and if there be children in said district which were not enumerated, then the enumerator may be required to add such omitted children to the enumeration list; but, until the enumeration list is corrected the school board of such district must be governed and controlled by the enumeration list as filed in the office of the county clerk. State ex rel. v. Smith, 64 Mo. App. 313. (5) This suit was not begun until December 4, 1905, and judgment rendered July 9, 1906, after the school year for 1905 had ended. So it is evidently impossible for the school board to establish and maintain a colored school for the school year 1905. (6) The enumeration taken May 15, 1906, by J. L. Cartwright, under the order and direction of said school board, shows there were only ten colored children in said district. Therefore the school board would have no jurisdiction to now establish a colored school in said district. (7) The writ of mandamus will not lie unless the relator shows a clear right to have the thing done which he asks for. State ex rel. v. Smith, 64 Mo. App. 313; Merrill on Mandamus, sec. 56, page 62, and authorities there cited; State ex rel. v. Buhler, 90 Mo. 560.

*H. T. Williams* for respondent.

(1) Relator commenced his suit upon the enumeration of May 12, 1905. While the suit was pending and on May 31, 1906, appellants filed a pretended enumeration of the colored children showing only nine in the district and pleaded this enumeration by way of return to the writ. The relator challenged this in his answer to the return as untrue and invalid and averred that the same was falsely and fraudulently made. Upon the issue thus made parol evidence was properly admitted. 1 Greenleaf, Evidence, sec. 284; 2 Pat., Dig., 1175, par. 1966; Mullens v. Reiger, 169 Mo. 534; Patterson v. Yancey, 97 Mo. App. 694; State v. McGonigle, 101 Mo. 353; Sweet v. Maupin, 65 Mo. 67; Barrett v. Davis, 104 Mo. 549.   (2)   It is not claimed by relator that as clerk, J. B. Cartwright had ex-officio authority to take enumeration, but that in addition to discharging the duties of clerk for four years in succession he also took the enumerations each year including the year 1905. Mechem on Agency (1 Ed.), secs. 148, 167, 274. (3) Appellants here refer to the enumeration of May 31, 1906. According to appellants' contentions, also enumeration made for the very purpose of defeating a school could not be contradicted, even though the same be pleaded, and relied upon as a defense which appellants do here in their opposition to the school. The law never works to its own defeat. The law wrongs no man. And no man should take advantage of his own wrong. (4)   The right cannot abate pending the action unless some cause intervenes to destroy the effect of the writ or to render it nugatory or to render the respondents powerless to perform, none of which facts exist in this case. 13 Ency. Pl. and Pr., 755 and notes; State ex rel. v. Gibson, 187 Mo. 552; 13 Cy. Pl. and Pr., 728.   (5)   If appellants' contention in point 4 of their brief be true are they not bound thereby to establish a school in ac-

cordance with the enumeration made and filed May 12, 1905, under which this action was begun? (6) The pretended enumeration of May 15, 1906, filed May 31, 1906, actually shows only nine names of colored children of school age when the undisputed evidence shows there were at the time residing in the district twenty-four colored children of school age. This point 6 of appellants' brief is likewise a repetition and has been answered in reply to point 2 supra. (7) That writ of mandamus will not lie unless relator shows a clear right is but the expression of a familiar elementary principle. The relator's right herein is amply sustained by authority. 2 Spelling, Ex. Relief, secs. 1369, 1624; R. S. 1899, sec. 9775; 13 Ency. Pl. and Pr., 638b, note 4; Porter v. State ex rel., 14 S. W. 794. (8) Appellants were and are in no position to question the validity of the enumeration of May 12, 1905, for the further reason that a mere general denial of the record only denies its existence not its validity. To entitle them to any evidence of invalidity of the record their pleading should specifically point out what the supposed invalidity is; that is they should have pleaded that there was an enumeration filed by J. B. Cartwright but that it was invalid on account of lack of authority in him to take it. They simply denied that there was requisite number of children according to the last enumeration. 2 Ency. Pl. and Pr., 1150, 1153; 1 Chitty, Pl. (14 Am. Ed.), 485; 3 Chitty, Pl., 994. The return must be specific, more strictness, if any difference, is required than in an answer. State ex rel. v. Allison, 155 Mo. 325.

JOHNSON, J.—This is a mandamus proceeding begun on the fourth day of December, 1905, to compel the defendants, the school directors of public school district No. 18, in township 47, range 20, Pettis county, to establish and maintain a school for children of African descent. An alternative writ was issued on the date

mentioned and was duly served on defendants. An amended alternative writ was issued March 5, 1906, and served. A return was filed by defendants on June 18, 1906. Relator replied and a hearing was had which resulted in a judgment in which the action was sustained and a peremptory writ ordered. From this judgment defendant appealed.

Relator is a negro, a resident taxpayer of the school district and the parent of children of school age who are domiciled with him. On May 15, 1905, an enumeration of the school children of that district was filed with the clerk of the county court. It was signed by J. B. Cartwright as district clerk and was verified by him. It was made in the form prescribed by law, showed the presence in the district of twenty-one negro children of school age, was the only enumeration filed that year and was the basis of the apportionment of funds made by the county court to that district. In August following, relator and other negro parents living in the district requested the school board to establish a school for colored children, but were put off and, becoming dissatisfied, brought this suit. The hearing of the case was delayed until after the time fixed by law for the enumeration of school children for the year 1906. In the meantime, the board appointed J. L. Cartwright district clerk and he took the enumeration for 1906, signed and verified it and filed it with the county clerk. It contained the names of only ten negro children of school age in the district.

Defendants then filed their return to the alternative writ of mandamus in which they denied that any legal enumeration was filed for the year 1905, or that anyone authorized by the board had taken an enumeration for that year and alleged that the enumeration for the year 1906, taken by J. L. Cartwright, was authorized by the board and, as it showed only ten colored children in the district, the action should fail, as this was a less number than that required by law to entitle the colored

people to a school. In his reply, relator alleged that the enumeration for 1906 is void because it was fraudulently taken for the purpose of defeating this action and that its recitals respecting the colored children were false, and known by defendants and their enumerator to be false at the time they were made.

Section 9775, Revised Statutes 1899, provides that, "When there are within any school district in this State fifteen or more colored children of school age, *as shown by the last enumeration,* the school board of such school district shall be and they are hereby authorized and required to establish and maintain within such school district a separate free school for said colored children," etc. When relator requested defendants to establish the school, as well as when this suit was brought, the enumeration for the year 1905 should have been taken and filed with the county clerk and, if taken, would have been the last one on file at that time. [R. S. 1899, sec. 9770.] Therefore, the initial question for consideration is whether the defendants, as a school board, obeyed the mandate of the statute by taking or causing to be taken and filed a correct and lawful enumeration for the year 1905. The records of the school board contain no resolution formally appointing J. B. Cartwright district clerk and it is on this omission that defendants now seek to repudiate his enumeration.

But further it appears that during the years from 1902 to 1905 inclusive, he had possession of the records of the board; acted as clerk with the knowledge of the members thereof; each year made the enumeration of school children in the district and filed it with the county clerk; was recognized by that officer and by the county court as the district clerk and on the enumerations filed by him, including that for the year 1905, the school board suffered without question the apportionment of public money to be made to the district and received and retained the sums so apportioned and delivered into

its custody. Defendants now assert that Mr. Cartwright, forcibly and against the wishes of the board, took possession of the office and continued therein as a usurper, and, in their zeal to defeat this action, accuse themselves of serious wrongdoing, of which we believe from all the evidence before us they are not guilty.

Under the provisions of section 9770, Revised Statutes 1899, they were required as a board each year to take or cause to be taken and filed with the county clerk an enumeration of the school children in the district and the failure in any year to perform this act would have deprived the district of the right "to any portion of the public funds for the next ensuing school year." We do not believe that defendants and their predecessors in office, who are reputable citizens, knowingly committed a wrong so flagrant and reprehensible as would be involved in the acts of obtaining public funds year after year on what they believed to be bogus enumerations. Rather do we incline to the view which is abundantly supported by the evidence, that the idea of repudiating the acts of Mr. Cartwright as clerk is an afterthought born of the supposed exigencies of the present controversy and of the discovery that the acting clerk was not appointed by a formal act of the board.

We readily concede that the appointment of the district clerk should have been made by the board at a regular or special meeting thereof. [Pugh v. School District No. 5, 114 Mo. App. 688.] And as this was not done, that Mr. Cartwright was not the district clerk *de jure*. But it does not follow that he must be regarded as a mere interloper and his acts in the discharge of the duties of the office held to be void because of the absence of his formal appointment. In a recent case, this court, speaking through ELLISON, J., quoted with approval the doctrine in State v. Carroll, 38 Conn. 449, that, "An officer *de facto* is one whose acts, though not those of a lawful officer, the law, upon principles of policy and jus-

tice, will hold valid so far as they involve the interests of the public and third persons, where the duties of the office were exercised (1) without a known appointment or election, but under such circumstances of reputation or acquiescence as were calculated to induce people without inquiry to submit to or invoke his action, supposing him to be the officer he assumed to be, etc." [Usher v. Telegraph Co., (not yet reported).] The school board by a course of conduct extending over a period of years recognized Mr. Cartwright as district clerk, adopted and profited by his official acts and knowingly permitted the county officers and the general public to deal with him as a legal officer. These facts constituted him such officer *de facto* and the enumeration taken and filed by him in 1905 in the usual way and in compliance with the requirements of the statute must be deemed to have been authorized by the school board. That body "caused it to be taken and forwarded to the county clerk" within the meaning of the statute. [Sec. 9770.]

Under the facts disclosed by that enumeration, the negro children of the district were entitled to the establishment of a free public school for their benefit and it remains to be considered whether that right was impaired by the enumeration taken in 1906 during the pendency of this action.

It cannot be denied that J. B. Cartwright had been succeeded in office by his brother, J. L. Cartwright, at the time fixed by section 9770 for the taking of the 1906 enumeration and that the board directed the new appointee to make and file the enumeration, but it is asserted that a false enumeration of the colored children was knowingly made for the purposes of the defense to this action and that defendants participated in this deception. The evidence leaves no room to doubt the falsity of that enumeration. Beyond question, twenty-four negro children of school age were domiciled with their parents in the district at the time. The excuses given by the en-

umerator in his testimony for listing but ten of these are flimsy to the point of being ridiculous. When he called at relator's house, he was informed by relator that he had seven children of school age domiciled with him, but, notwithstanding he had known relator for thirty years and knew that the information given was correct, he refused to take the names of three of the children because they did not happen to be in sight at the time. He pursued the same course at other houses, ignoring all information and even facts in his own knowledge and only counting those who chanced to be on hand when he made his one call. When he called at one house, nobody was at home and therefore none of the children who lived there was counted. A colored family named Bridgewater, in which there were five children of school age, were tenants of the enumerator, but he counted none of these children of whose existence he had positive knowledge because when he "went by there, there was no one there except two or three little children." Certainly, he exemplified to the last extreme the idea that "things seen are greater than things heard," but even in this was not consistent, for he refused to enumerate children he *saw* at one house because he *heard* they had been living in Sedalia and were temporarily home on a visit, information that turned out to be incorrect in its essential part.

It is useless to multiply words over such absurdities. The enumeration was false, and was shown by its author to be false when he made it, and that defendants were possessed of the same guilty knowledge is equally apparent. Their attention has been earnestly and persistently called to the 1905 census by the clamor of the negroes for a school and by the bringing and prosecution of this action. There were only some six families of negroes in the district. The subject of their right to a free school, which involved the question of the number of school children in the district, was, and for many months had been, the topic of first importance before the

board. Here, too, it is unnecessary to waste time on details. We find as a fact, that defendants knew of the falsity of that enumeration and used it for the purposes of this cause.

No difficulty is encountered in determining the status of the offspring of an act thus infected with fraud. It is of small importance whether the taking and filing of the enumeration be classed as a ministerial or a judicial act. In either case, the conclusion must be reached that, being permeated with the fraud of those who were in duty bound as public officers to act in good faith, it is a nullity and must be treated as no enumeration at all. The power and duty of a court of competent jurisdiction to set aside and declare void judicial acts of an inferior tribunal, which are tainted by the fraud of the judicial officers who perform them, was fully discussed by this court in the case of Burkharth v. Stephens, 117 Mo. App. 425, and nothing needs be added to what was there said on the subject. The power inheres and should be exercised, where other adequate remedy does not exist, to correct fraudulent abuses of power by public officers regardless of whether such act be ministerial or judicial.

There is nothing in the contention of defendants that in the case of State ex rel. v. Smith, 64 Mo. App. 313, a principle was announced which, if applied to the present case, would restrict the remedy to a mere correction of the false enumeration by directing that the names of the children wrongfully omitted be added thereto. Where an incorrect enumeration is taken and filed by the school board in good faith, it nevertheless is a lawful enumeration if made and filed in the manner, form and time prescribed by the statute. Omissions from such an enumeration inadvertently, though incorrectly, made would give ground for an action by mandamus to correct the errors by compulsory amendment and such relief should precede the granting of any relief based on the omitted facts, but this rule has no applica-

tion to a case where the falsehood is intentional and is accompanied by, and is accessory to, fraudulent purpose. Such vice wholly disables its product and leaves it incapable of amendment or correction. There being nothing to amend, it follows that the right of the negro children to a free school sought to be here enforced rests on the enumeration taken in 1905, which in law was the last one. [R. S. 1899, sec. 9775.]

The fact that the school year of 1905 has passed does not affect the right to the remedy invoked. The action is for the establishment and maintenance of a free public school, the right is based on the facts disclosed in the last lawful enumeration and the failure of defendants as a board to perform their duty with respect to the taking and filing of a proper enumeration for the year 1906 in no manner alters or impairs that right. The relief sought should be granted and it follows that the judgment awarding a peremptory writ must be affirmed. It is so ordered.

*Broaddus, P. J.*, concurs.

Judge *Ellison* is of the opinion that no fraud was shown and that if there had been, the present action is not the proper mode of reaching it.