HIBBARD, Appellant, v. SMITH et al., Respondents.

St. Louis Court of Appeals, February 23, 1909.

1. SCHOOL DISTRICTS: Contract with Teacher: Teacher's Certificate. Under the provisions of section 9766, Revised Statutes 1899, construed with the provisions of section 9796, a school district may employ a teacher provided the teacher has a certificate in force at the time of the employment and provided the teacher obtain another certificate upon its expiration to extend over the term of the employment.

2. ———: ———: ——— Deposit of Certificate. It is not necessary to the validity of a contract of employment of a teacher that the teacher's certificate be filed with the clerk of the district before the latter attests the contract.

3. ———: ———: Directors' Meeting. Where the three directors of a school district met at the house of one of their number for the definite purpose of making a contract with a teacher, this was a meeting of the board of directors as required by statute and a contract entered into by them at such meeting was binding upon the district.

Appeal from Texas Circuit Court.—*Hon. L. B. Woodside*, Judge.

REVERSED AND REMANDED.

*Barton & Miley* for appellant.

Where all members of the school board are present and participate in hiring a teacher the contract is valid notwithstanding a lack of call or notice of the meeting. R. S. 1899, sec. 9766; Decker v. School Dist., 101 Mo. App. 119; Armstrong v. School District, 28 Mo. App. 177; 20 A. & E. Ency. L., 1212 and note 3; Troy Mining Co. v. White, 42 L. R. A. 549; Magnan v. Freemont, 27 Am. St. 436. The law "does not require that the teacher at the time of employment have a certificate which reaches to the end of the term of such employment, provided that during the term of such employment he has

135 App—46

the proper certificate." School Dist. v. Edmonston, 50 Mo. App. 65. "The board shall have no power to dismiss a teacher; but should the teacher's certificate be revoked, said contract is thereby anulled." R. S. 1899, sec. 9767; Arnold v. School Dist., 78 Mo. 226; Frazier v. School Dist., 24 Mo. App. 250; Oaks v. School Dist., 98 Mo. App. 163.

STATEMENT.—This action was instituted before a justice of the peace where plaintiff obtained judgment for $210, and on an appeal to the circuit court and a retrial a verdict was directed for defendant and plaintiff appealed to this court. The action was instituted to recover six months' salary alleged to be due plaintiff under a contract employing her to teach a school in District No. 1, Township 28, Range 7, in Texas county. The salary to be paid was thirty-five dollars a month. Evidence for plaintiff is that she was employed by the defendants John H. Smith, Samuel Harrison and George Thomas, the directors of said district, to teach a term of school to begin September 3, 1906, and continue six months. The action is against the district and the directors, who are alleged to have locked the schoolhouse door, refused plaintiff ingress and prevented her continuously during the term from teaching the school, while she was offering to perform the contract. It is alleged the engagement with defendant district prevented her from accepting employment to teach elsewhere and the action of the directors caused her to lose the entire six months of time. Plaintiff had taught in the district during the previous year, 1905, and in April, 1906, shortly after the term ended, she again sought employment from the directors. She spoke about the matter first to defendant Smith, clerk of the school board, and he said the board would have a meeting at the home of Mr. Harrison, its president, on April 14th, and determine whether to re-employ plaintiff and at

the same time he requested her to make no contract
with another district. On said day plaintiff went to
Mr. Harrison's home. Smith had notified George
Thomas, one of the directors, to be at Harrison's on
that day and had agreed to be there himself. When
those two directors arrived at Harrison's farm, they
found him at work about the 'place and Mrs. Hibbard
there. She and the three directors went to the house
together, where, according to Smith's testimony, the
question of re-employing her was talked over and finally
Harrison drew up a contract, signed it, Mrs. Hibbard
signed it too, and Smith attested it as the district clerk.
Harrison testified plaintiff wanted thirty-five dollars
a month and the directors talked the matter over pro
and con, parleying a little over the price. After the
talk had gone on a while, he took a blank contract
which he happened to have in a book treating of school
laws, and this contract was filled out according to the
terms the parties had been talking over. They asked
her about her certificate to. teach, or remarked her
certificate would expire before the next term of school
would commence, and she said she would get a new
one before then. Harrison said: "We drew up the con-
tract, she signed it and I signed it, and I do not know
whether Mr. Smith signed it or not." He said further
no meeting of the board had been called and no entry
of the supposed meeting was made in any record of
the board; but plaintiff testified Smith made a record
of the doings at the meeting and copied the contract
with her in the record book. Harrison's testimony im-
plies that the understanding of the parties was the
contract should be binding on the district only after the
board had assented to it at a formal meeting and after
plaintiff had procured a new certificate. Smith, the
clerk, said no memorandum of the contract was made,
but it was signed and he could not be positive whether
anything was said to plaintiff about considering the
matter of her employment and deciding upon it in the

future, but rather thought something of the sort was said. He testified he recorded the contract with plaintiff for 1905, but had ño remembrance of recording the one for the year 1906. Plaintiff testified positively the directors employed her at the meeting at Harrison's house and said nothing about holding the matter under advisement to be completed later. This memorandum of a contract, recorded in the board's register or journal, was put in evidence:

"TEACHER'S CONTRACT.

"This agreement made on the 4th day of April, 1905.

"Anna Hibbard, a legally qualified public school teacher of the first part and the School Board of the Dist. 1, 28 R. 7, county of Texas and State of Missouri, the second party, Witnesseth: That the said Anna Hibbard agrees to the public of said Dist. for the term of six months, provided there is sufficient money to run six months, commencing on 3d day of September, 1905, for the sum of thirty ——— dollars per month to be paid monthly, and that for services properly rendered and reports correctly made according to law, said Board agrees to issue a warrant upon the County Treasurer in favor of the said Anna Hibbard for the amounts of wages due under this agreement. This contract is subscribed with a full understanding of sections of School Law of Missouri.

"Done by order of the Board this 4th day of April, 1905.

"H. S. HARRISON,
"President.

"ANNA HIBBARD, Teacher.
"J. H. SMITH, Dist. Clerk."

Evidence was introduced which tended to prove the above record of a contract with plaintiff had been changed after it was recorded so as to make the contract

appear to have been entered into in 1905, and for a term to begin September 3, 1905, instead of September 3, 1906, and after the word "thirty" and before the word "dollars" some other word had been inserted and subsequently erased. The entry was on page XXX of the school record book, where there is also an entry showing the contract entered into with plaintiff for the year 1905 was made on May 22, 1905, and fixed plaintiff's salary at thirty dollars a month. In the bill of exceptions immediately under the copy of the contract entry aforesaid, is written what follows:

"The above writing, as it appears on page XXX of the school record the date at the top and bottom appears to have been altered from that as originally written and also the date in the body and there is a space between the word 'thirty' and 'dollars' from which it appears that something has been erased."

At the time of the arrangement or talk at Harrison's house, plaintiff had a certificate to teach school in Texas county, which would not expire until August 26, 1906, or several months after the date of the meeting. This certificate was put in evidence, as was another granted to plaintiff August 28, 1906, and running for two years. Though according to the alleged contract the term of school was to begin September 3, 1906, the date of opening was postponed by agreement between plaintiff and the directors, one week, or until September 10th, because an Old Soldiers' Reunion would be held at West Plains which plaintiff wished to attend. She appeared at the school house on September 10th, but could not get in, and on asking the president of the board for the key, he said the board would meet that morning, and he did not know what would be done about plaintiff's employment until the board had settled the question. At the same time Smith and Harrison told her they had asked the county commissioner to revoke plaintiff's certificate to teach. There is evidence the directors offered as another excuse for not permitting

her to begin teaching, that the schoolhouse was being painted. Some witnesses testified to statements by the directors that a contract had been entered into with plaintiff, but they intended to get her certificate revoked. On September 10th, plaintiff received a note from the clerk of the district which, in substance, said the board had decided not to hire her on account of talk the members had heard. The cause of the equivocal action of the board was this: Plaintiff's husband was killed in the summer of 1906, and she was accused of murdering him; in fact was arrested for the crime and put under bond. This event created such an antipathy to her among the patrons of the district, the directors were unwilling to let her teach the school. At the conclusion of the testimony the court directed the jury to return a verdict for the defendants, and after appropriate steps had been taken, this appeal was allowed:

GOODE, J. (after stating the facts).—The statutes say a school board shall have no power to dismiss a teacher, but should one's certificate be revoked pending a contract between her and the board of a district, the contract for her services shall be annulled. [4 Mo. Ann. Stat., sec. 9767.] No brief has been filed in behalf of defendants, but we understand the directors do not contend they had the right to dismiss plaintiff, if in fact, they had hired her. They say no contract had been made because the meeting at Harrison's when the parley between plaintiff and the directors occurred, was not, legally speaking, a meeting of the board of directors, either general or special, but an informal getting together to talk over the employment of plaintiff, with the understanding that the matter should be finally settled when the board met. The statutes say a board of school directors shall have power at any regular or special meeting to contract with and employ teachers for and in the name of the district; that every

special meeting shall be called by the president of the board and each member shall be notified of the time, place and purpose of it; that a contract with a teacher shall be made by order of the board, shall specify the number of months the school is to be taught and the wages to be paid; shall be signed by the teacher and the president of the board and attested by the clerk of the district when the teacher's certificate is filed with said clerk, who shall return the certificate to the teacher at the end of the term; that the certificate must be in force for the full term for which the contract is made, and all transactions of the board under the section must be recorded and filed with the district clerk. [4 Mo. Ann. Stat., sec. 9766.] It is insisted mandatory clauses of this statute were not observed. The testimony for plaintiff tends to prove a contract was made with her at the meeting at Harrison's home, which contract was reduced to writing, signed as required by the statutes and duly recorded by the clerk. The only formality not complied with, according to the testimony for plaintiff, was depositing with the clerk a certificate empowering plaintiff to teach school in the county and covering the full time for which the contract was made. The clauses regarding the certificate to teach contained in section 9766, have been construed in connection with other statutory provisions regarding teachers' certificates contained in section 9796, and held to mean the teacher must hold a certificate through the entire term of the employment, but that this requirement will be satisfied by holding a certificate yet in force when the hiring occurs and obtaining another upon its expiration, to extend over the term. Such was the decision in a case identical with the one at bar in the facts bearing on the immediate point. [School Dist. v. Edmonston, 50 Mo. App. 65.] We consider this interpretation of the statute sound. It was not proved plaintiff deposited or filed her certificate with the clerk before the latter attested the contract, as the statute

says shall be done, but we do not regard this omission as fatal to the employment. [Saleno v. Neosho, 127 Mo. 627.] She held a certificate then, and later, when asked to produce a certificate, proffered for filing one extending over the six months' term, but the directors declined to accept it. The main argument, we suppose, against the validity of the alleged contract is, that what was done toward making it, occurred when the directors were assembled informally and not as a board in general or special meeting. Statutory authority to employ teachers at regular or special meetings, is conferred on school directors, with a proviso for notice to every member of the board of the time, place and purpose of all special meetings, and the calling of them by the president. These regulations require contracts with teachers to be made at board meetings and not with the members of the board at other times. [Pugh v. School Dist., 114 Mo. App. 688, 699 and cases cited.] Hence, the question for decision is whether the convening of these directors at Harrison's house was a special meeting in the sense of the statutes, which prescribe no rules for the calling of special meetings except that they shall be called by the president and notice given to the members of the time, place and purpose. In our opinion the assembly at Harrison's was, to all intents, a special meeting of the board of directors. The president (Harrison) did not call the meeting, but he, Smith and Thomas, the three directors, met that day for a definite purpose and pursuant to an agreement with Mrs. Hibbard to meet and determine whether they would elect her to teach another term of school. We see no reason why the convening of the three men on Mrs. Hibbard's suggestion at a definite time and place to settle a particular question, was not a meeting of the board of directors. It is true Smith testified no record was kept of what was done; but on this issue, whether it be material or not, Mrs. Hibbard testified the contrary,

and there is evidence corroborating her.  The point in hand was decided in McShane v. School Dist., 70 Mo. App. 624, on facts relevant to the point like those before us, and in Decker v. School Dist., 101 Mo. App. 115.

As to whether the directors are jointly liable with the district, we say nothing.

The judgment is reversed and the cause remanded. All concur.