MATTIE B. JOHNSON, Appellant, v. ELIAS DYE, Respondent.

Springfield Court of Appeals, April 4, 1910.

1. **SCHOOL BOARD: Legal Meeting: Contract With Teacher.** Two members of the school board, after failing to get the president of the board to accompany them, went to the home of the clerk of the board and wrote an order employing plaintiff as teacher of the school for the spring term. This order they requested the clerk to enter on his records, which he refused to do. There had been no regular call for this meeting. *Held*, that it was not a legal meeting, that the clerk was justified in refusing to enter the order on the records and the plaintiff had no cause of action against the clerk for refusing to enter such order, or for his refusal to prepare the contract called for by the order.

2. ————: **Legal Call of Special Meeting: Absence of Officers.** Where all the members of a school board agree to meet at a schoolhouse on a day certain to enter into a contract with a teacher, such meeting was regularly called, and the fact that the president and clerk were absent from the meeting did not affect its legality.

3. ————: **Authority to Hire Teacher: Must be Done at Legal Meeting.** The statute authorizes a majority of the board to hire a teacher. This means a majority acting at a legal meeting and does not mean that directors acting separately, although a majority of the board, can make a binding contract.

4. ————: **Special Meeting: Call by President.** The statute expressly provides that special meetings of the school board shall be called by the president of the board. There is no authority for any other member to call a special meeting.

5. **CORPORATIONS: Notice of Special Meetings.** It is the general rule that where the charter, statute or by-laws of a corporation provides a method by which the notice shall be given of a special meeting, its provisions must be obeyed.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans*, Judge.

AFFIRMED.

*J. N. Burroughs* for appellant.

(1) The only prerequisite to a valid meeting of a board of directors is that each member should have notice of the time, place and purpose of the meeting, and that a majority should attend. Waters v. School District No. 4, 59 Mo. App. 580; Sec. 9761, R. S. 1899. (2) An order of a school board entered of record to employ a teacher is sufficient to enable him to collect his wages, although no written contract be entered into between the parties. Wilson v. Board of Education, 63 Mo. 137; School District v. Edmonston, 50 Mo. App. 65. (3) A district clerk is required to enter of record all orders of the board of directors. R. S. 1899, secs. 9769, 9761, 9784; Kane v. School District, 48 Mo. App. 408; St. Joseph School Board v. Hull, 72 Mo. App. 403; Ins. Co. v. Leland, 90 Mo. 177; Knox v. Hunolt, 110 Mo. 67.

*Green & Green* for respondent.

GRAY, J.—This is a suit for $90, brought in the circuit court of Howell county, to the July term, 1907, against the clerk of a country school district, for damages on account of his failure and refusal to enter on the records of the school district, an order of the board employing the plaintiff to teach three months' school at $30 per month, and for his failure and refusal to prepare a contract between the board and the teacher. The plaintiff claims that by reason of such failure and refusal of the clerk, she lost the right to teach the school, and was damaged in the amount sued for.

There is no dispute about the facts, and briefly related they are as follows: The plaintiff taught a five months' term of school, and had a verbal contract to teach a three months' term in that district in the spring and summer of 1907. She was notified by the board to appear April 1, and open the school for the spring term.

The directors agreed to meet her at the district school-house on April 1, and enter into a contract. Two of the directors and the teacher appeared at the schoolhouse, but Mr. Wallin, the president of the board, and defendant clerk, were absent, so that no meeting was held. On the evening of April 1, the two directors went to the president's house and tried to persuade him to accompany them to the defendant's home that night and enter into a contract with the teacher, but he refused to go. The two directors proceeded, however, to the home of the clerk and tried to get him to enter an order on the record employing the plaintiff to teach the school and directing that the contract be prepared to be executed by the president, attested by the clerk and signed by the teacher. The defendant refused to enter the order on the records, but the same was prepared in writing by the two directors. The annual school meeting was held on the 2nd day of April, at which time one of the directors' term expired. That meeting was held and a new director was elected in place of the old member. On April 3, the president of the board and the new director entered into a contract with another teacher who taught the school.

The case was tried before the court and a jury, and at the close of the plaintiff's case the court sustained a demurrer to the evidence, and the plaintiff has appealed.

There is no question but what at the time the plaintiff was first employed in the fall of 1906, it was understood between her and the members of the board that she should teach the school for eight months. A written contract was entered into for the five months and the plaintiff taught the school for that period, but the contract for the spring term was merely verbal.

There are but two questions in the case. (1) Was the meeting at the home of the clerk on the evening of April 1 a legal meeting of the board of directors of the school district? and (2) can the plaintiff maintain this

action against the defendant as clerk for refusing to enter the order and prepare the contract?

In regard to the meeting, the statute (sec. 9766) reads: "The board shall have power at a regular or special meeting to contract with and employ legally qualified teachers for and in the name of the president, and each member notified of the time, place and purpose of the meeting."

It stands admitted that the president did not call the meeting, which it is claimed, was held at the home of the defendant on April 1. The evidence shows that at a lodge meeting held a few days before April 1, the members of the board all agreed to meet at the schoolhouse on April 1, and employ the plaintiff to teach the school. That meeting, in our opinion, was regularly called, and the fact that the president and clerk were absent, in no wise affected the legality of the meeting. [Hibbard v. Smith, 135 Mo. App. 721, 116 S. W. 487.] But plaintiff was not employed at that meeting, and there is no evidence that the meeting adjourned to meet again at the home of the clerk in the evening.

If the staute is mandatory, then in as much as the president did not call this meeting and refused to attend it, it was irregular, and the plaintiff would not be entitled to recover, as a teacher cannot be legally employed except at a regular or special board meeting. [Pugh v. School District, 114 Mo. App. 688, 91 S. W. 471.]

The statute authorizes a majority of the board to hire a teacher. This means that a majority acting at a legal meeting, and does not mean that directors acting separately, although a majority of the board, can make a binding contract. [Kane & Co. v. School District, 48 Mo. App. 408; Johnson v. School District, 67 Mo. 321.]

It is the general rule that where the charter, statute, or by-law of a corporation, provides a method by which the notice shall be given of a special meeting,

its provisions must be obeyed. [Dillon on Mun. Corp. (4 Ed.), sec. 263; Hill v. Mining Co., 119 Mo. 9, 24 S. W. 223; Forry v. Ridge, 56 Mo. App. 615; Reilly v. Oglebay, 25 W. V. 36; Riggs v. Polk Co., 95 Pac. 5; Lord v. Anoka, 36 Minn. 176.]

The statute expressly provides that special meetings shall be called by the president of the board. There is no authority for any other member to call a special meeting. It stands admitted in this case, that the president did not call the meeting at which it is claimed the two directors employed the teacher, and therefore, we are of the opinion that the meeting was not a legal one.

In Hill v. Rich Hill Coal Minning Co., supra, the Supreme Court said: "Under article 13 of the by-laws, a special meeting of the board of directors could only be called by 'the president or a majority of the members of the board,' so that a meeting otherwise called possesses no validity."

In Riggs v. Polk Co., 95 Pac. 5, the statute provided that special school meetings must be convened by a written call, signed by the chairman of the district board and clerk, or a majority of the school board. Under the statute, the oldest in service of the directors was chairman of the board. A special meeting call was signed by the next oldest member of the board and the district clerk, and the court held that the meeting was invalid.

Having reached the conclusion that the meeting was not legally called, and as the plaintiff bases her right to recover upon the action of the directors taken at that meeting, the refusal of the defendant as clerk to enter their proceedings on the record in no manner damaged plaintiff. The judgment will be affirmed. All concur.