FREDERICK O. SEELEY *vs.* THE CITY OF BRIDGEPORT.

Under the provision of the state constitution that "the right of trial by jury shall remain inviolate," it is not necessary that a hearing in damages upon a default in an action for a tort should be before a jury, the practice of assessing such damages by the court having been long established at the time of the adoption of the constitution.

In an action against a city for an injury from a defective sidewalk, the question was where the line of the street ran along an open space in front of a store. The street had been an ancient town highway, but had never been formally laid out, so far as the records showed. Held that the line of the street as marked by a line of occupancy of the land above and below the place in question, might be shown, as evidence of the line at the place in question.

And held that the evidence need not be limited to the next occupancy on each side, but that evidence of the line of occupancy still further off, though of less weight, was yet admissible ; there being a presumption that if the street had been formally laid out it would have been laid out along continuous lines, and that if it became a street by dedication and public use, such dedication and use were presumably along such continuous lines.

[Argued March 18th—decided May 4th, 1885.]

ACTION for an injury from a defective sidewalk of the defendant city; brought to the Superior Court. The de-

VOL. LIII.—1

fendants having suffered a default, the plaintiff moved for a jury to assess the damages. The court (*Andrews, J.,*) overruled the motion and heard the case, found the facts, and assessed the damages at $60. Appeal by the plaintiff on the ground of error in this ruling of the court and in the admission of evidence. The case is sufficiently stated in the opinion.

*D. B. Lockwood* and *H. S. Sanford*, for the appellant.

*R. E. DeForest* and *C. Sherwood*, for the appellees.

GRANGER, J. This is a civil action claiming damages for an injury received by the plaintiff from a fall upon a sidewalk of the defendant city left in a dangerous condition through the negligence of the defendants. The defendants suffered a default and were heard in damages. Before the hearing the plaintiff filed a motion to have the damages assessed by a jury. The judge overruled the motion and assessed the damages at sixty dollars. The first reason assigned by the plaintiff upon his appeal is the error of the court in this ruling.

The counsel for the plaintiff claim that under the provision of the constitution that " the right of trial by jury shall remain inviolate," his right to a trial of his case by a jury cannot be taken away; but, as has been repeatedly held, this provision of the constitution secures the right of trial by jury only where it existed when the constitution was adopted. It does not create the right; it only preserves it. But it had never been the practice to have damages upon a default assessed by a jury. It had always been done by the court. This provision of the constitution has therefore no application to the case. 2 Swift's System, 268; 1 Swift's Digest, 784; *Cockran* v. *Leister*, 2 Root, 348; *Raymond* v. *Danbury & Norwalk R. R. Co.*, 43 Conn., 596; *Batchelder* v. *Bartholomew*, 44 id., 502; *Shepard* v. *New Haven & Northampton Co.*, 45 id., 58.

Another error is assigned as a ground of appeal, in the ruling of the court as to the admissibility of certain evi-

dence. It appears by the finding of the court that the defendants claimed that the place where the plaintiff slipped was outside of the limits of Main Street and on land belonging to the People's Savings Bank, and that it was open to travel not for the purposes of a sidewalk but for the accommodation of people going to a store in the building. This evidence was of course admissible, it being only claimed by the plaintiff that it was a part of the sidewalk and of course that the defendants were bound to keep it in a safe condition; and it not being claimed that it was a dangerous place outside of the sidewalk, but so near as to make it the duty of the defendants to protect the public against it by a railing. *Beardsley* v. *City of Hartford*, 50 Conn., 529. This point being proper to be proved the question is, whether the evidence offered for the purpose was in its nature admissible. It appears that Main Street, where the accident occurred, was originally a town highway, and that there was no survey or record fixing its limits. The question was where was its east line. In the absence of anything else to determine it, it would be taken to be that line up to which the public on the one side had used the way to travel over, and up to which adjoining proprietors had occupied or used the land on the other side. To show where that line was in front of the bank building, the defendants offered evidence to show where it clearly was, as marked by buildings or fences, north and south of the bank building. The plaintiff objected to this evidence unless limited to the property immediately adjacent or very near to the bank building. But the evidence was in its nature admissible, and was none the less so that it was not limited to the adjacent property. Any indications of the line remoter than the adjacent property would of course become of less importance in determining the line at the place in question, but this would be, within reasonable limits, only a question of the weight of the evidence, not of its admissibility. The presumption would be, if the highway had been originally laid out by formal proceedings and all record of the lay-out lost, that the line was a continuous one, substantially

straight; and if the highway had become such by dedication and the acceptance of the public, there would be equally a presumption that the dedication had been made upon a continuous line, and the use of the public, constituting an acceptance of the highway, had been along a continuous course and within continuous lines. It was therefore entirely proper that the east line of the street for some distance north and south of the place of the injury, if ascertainable, should be considered in determining where the line ran at the place in question.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.