Filed Sept. 16, 1890.

---

No. 14,387.

## THE STATE, EX REL. DRUMMOND, PROSECUTING ATTORNEY, v. DILLON.

COUNTY SUPERINTENDENT.—*Election of by Township Trustees.—Quorum.—What Constitutes.—County Auditor.—When Entitled to Vote.*—All the township trustees of a county, eight in number, met at the county auditor's office at the time designated in section 4424, R. S. 1881, for the purpose of electing a county superintendent. After effecting an organization, which was irregular by reason of the auditor casting the deciding vote for chairman, one of the trustees moved that the defendant be appointed county superintendent for the two years next ensuing. Four of the trustees voted in favor of the motion, and four, after protesting against the course pursued, declined to vote. Upon the chairman's announcement that the vote was a tie the auditor voted in favor of the motion,

and the chairman declared the defendant duly elected. Afterwards the defendant filed his bond and was duly qualified, and took possession of the office.

*Held,* that the defendant was duly elected; that there was a quorum present; that he received the votes of all those present and voting, which was a majority of the number necessary to constitute a quorum, and that he received the necessary number without the vote of the auditor, who would only be entitled to vote in case of a tie. *State, ex rel.,* v. *Edwards,* 114 Ind. 581, and *State, ex rel.,* v. *Porter,* 113 Ind. 79, distinguished.

From the Fulton Circuit Court.

*C. P. Drummond,* Prosecuting Attorney, and *E. Myers,* for appellant.

*G. W. Holman, R. C. Stephenson* and *J. H. Bibler,* for appellee.

OLDS, J.—This is a proceeding brought by Charles P. Drummond, prosecuting attorney, against the appellee, Andrew J. Dillon, to test the right of the appellee to the office of county superintendent of Fulton county, Indiana.

The information filed by the prosecuting attorney was in two counts; the first count was dismissed, and the appellee filed a demurrer to the second, which was sustained, and the appellant excepted and refused to amend or plead further, and judgment was rendered for appellee on demurrer. The only error assigned is the ruling of the court in sustaining the demurrer to the second count of the information. The relator attempts to allege facts, and contends that he does allege facts in this count of the information, which show that the appellee has no legal right to the office of county superintendent, and that he has unlawfully intruded himself into the office, and excluded Frank D. Haimbaugh, the lawful occupant; and that said appellee is exercising the functions of the office.

The facts alleged show that Frank D. Haimbaugh was duly elected county superintendent of said county in 1885; that on the first Monday in June, 1887, the trustees of the various townships in said county, being eight in all, met at the office of the county auditor of said county, in pursuance

of section 4424, R. S. 1881, to appoint a county superintendent, the county auditor being present; that for the purpose of organizing and proceeding to make such appointment one of the trustees moved that Lemuel W. Shelton, another one of the members, be elected chairman of the board; that four of said trustees voted for said motion, and four voted against it; that thereupon the auditor of said county claimed the right to and did vote for said motion over the objection and protest of the four trustees voting in the negative; that thereupon said Shelton assumed to and did act as chairman at said meeting; that thereafter, at said meeting, George Cook, one of said trustees, made a motion that A. J. Dillon be appointed county superintendent of said county for the two years next ensuing; that four of the trustees objected to and protested against the consideration of said motion, for the reason that said meeting had not been legally organized, and the mode of electing a county superintendent had not been agreed upon, and, therefore, said meeting could not at that time legally consider said motion; that Shelton, acting as chairman, disregarded said objections and put said motion to a vote, and four of the trustees voted in favor of said motion, the other four declining to vote; that the chairman declared the vote a tie and the auditor cast his vote in favor of said motion, and thereupon said Shelton, acting chairman, declared said Dillon duly elected county superintendent; that Dillon afterwards, on the 7th day of June, 1887, filed his bond with the auditor of said county and was duly qualified and took possession of the office.

Section 4424, *supra*, provides that "the county auditor shall be clerk of such election in all cases, and give the casting vote in case of a tie, and shall keep the record of such election in a book to be kept for that purpose." Such section makes it the duty of the township trustees of the several townships in such county to meet at the office of the county auditor on the first Monday of June, 1873, and bi-

annually thereafter, and appoint a county superintendent. The trustees of the several townships, in Fulton county, met at the county auditor's office on the first Monday of June, 1887, for the purpose of electing a county superintendent for that county for the two years next ensuing. The statute does not, in direct terms, prescribe any manner or form by which such trustees shall select, designate or appoint the person to fill such office, and the form or manner in which such selection or appointment is made is immaterial.

It has been held by this court that when the trustees met at the proper time and place for the election of a county superintendent, and proceeded to vote by ballot, and after having voted fourteen times by ballot and failing to elect, a resolution was introduced providing that a person named in the resolution "be and is hereby appointed county superintendent," and on a vote upon the adoption of the resolution, one-half of the trustees voted for its adoption, and one-half voted against the adoption thereof, the auditor had no right to give the casting vote, as it changed the mode of election from a vote by ballot to the selection of such officer by resolution. *State, ex rel.,* v. *Edwards,* 114 Ind. 581.

It has also been held that where the trustees met and organized on the day fixed by law for such election, and adjourned over to the following day, and at the time to which the adjournment was had, there being ten trustees, only five attended the adjourned meeting, and the five present voted for a superintendent, the auditor had no right to give the casting vote, for the reason that there was no quorum of the township trustees present, and that such election could not be made without a quorum of the trustees being present, and the auditor could not be counted to make a quorum. *State, ex rel.,* v. *Porter,* 113 Ind. 79. But the questions involved and decided in these cases differ materially from the case at bar. In this case the board consisted of eight trus-

tees; they all met at the time and place fixed by law for the holding of such election, and, while under the authority of *State, ex rel.,* v. *Edwards, supra,* it may be said that the election of chairman was irregular, yet all the members of the board were present at the proper time and place for making such election, and one of their number was acting as chairman, and the name of Dillon was presented to be voted for to fill the office for the ensuing two years, and four of the eight trustees voted for him; the other four refused to vote; the county auditor also voted for Dillon, whereby he received a majority of the votes of all those having a right, in any case, to vote for county superintendent, and the acting chairman declared him elected, and he duly qualified as such officer. It was at the proper time and place for the election of a county superintendent, and all of the township trustees of the county had met for that purpose, and were present when the name of Dillon was proposed, and it was moved by one of the number that he be elected, and four of the trustees voted for his election, and four declined to vote, and under the recent decision of this court in the case of *Rushville Gas Company* v. *City of Rushville,* 121 Ind. 206, there was no tie; there was a quorum present, and Dillon received the votes of all those present and voting, which were a majority of the number necessary to constitute a quorum of all the trustees, and he received the necessary number of votes to elect him without the vote of the county auditor.

The rule governing such elections is stated in Willcock Munic. Corp., section 546, to be: "After an election has been properly proposed, whoever has a majority of those who vote, the assembly being sufficient, is elected, although a majority of the entire assembly altogether abstain from voting; because their presence suffices to constitute the elective body, and if they neglect to vote it is their own fault." And this rule is quoted with approval in the case last cited. See, also, *Attorney General* v. *Shepard,* 62 N. H. 383 (13 Am. St. Rep. 576).

In this case the elective body was in session, it consisted of eight members, and it was properly moved that Dillon be elected county superintendent, and four of the eight voted for his election, the other four declining to vote. If the other four had voted against his election, the law in that case provided that the county auditor should give the casting vote. It was the duty of all the members of the board to vote for or against the candidate whose name was proposed, and they could not defeat the object of the meeting and avoid the law, and prevent an election by remaining silent and refusing to vote either for or against the candidate proposed.

The appellee was duly elected and entitled to the office. The demurrer was properly sustained to the second count of the information.

Judgment affirmed.

