## Montgomery, et al. v. Claybrooks, et al.

(Decided March 9, 1926.)

### Appeal from Washington Circuit Court.

1. Schools and School Districts—Evidence Held to Show that School Board did Not Abuse Discretion in Choosing New School Site (Ky. Stats., Section 4434a-6).—Evidence held to show that board of education, under power granted under Ky. Stats., section 4434a-6, did not abuse its discretion in choosing new school site.

2. Schools and School Districts—School Board is Vested with Discretion in Choosing School Site which is Binding on all Persons Interested, in Absence of Abuse (Ky. Stats., Section 4434a-6).—Under Ky. Stats., section 4434a-6, board of education may exercise discretion in location and erection of schoolhouse, which discretion, when not abused, is binding on all persons interested.

3.   Schools and School Districts—Order Changing Location of School-
house Held Valid, where Four or Five Members of School Board,
Present at Meeting, Voted in its Favor.—Where four or five mem-
bers present at meeting of board of education voted in favor of
order changing location of schoolhouse, the order, having received
a majority of quorum present, was valid.

4.   Schools and School Districts.—Quorum of board of education has
all powers which entire board could exercise if present, and vote
of majority of quorum has same force as if all members present
voted.

5.   Schools and School Districts.—Member of board of education pre-
sent at meeting who does not vote is regarded as voting with ma-
jority.

6.   Schools and School Districts—Failure of School Board to Prepare
Minutes and Orders in Legal Form Does Not Invalidate Proceed-
ings, if Intention of Board is Clearly Manifested.—Failure of school
board to get legal advice in preparing minutes and orders does
not invalidate proceedings, if, when read in light of surrounding
circumstances, intention of board is clearly manifested.

JOHN A. POLIN for appellants.

W. C. McCHORD and JOS. POLIN for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirm-
ing.

An injunction was sought by appellants, Montgom-
ery, et al., against appellee, J. R. Claybrooks, et al., con-
stituting the board of education of Washington county,
restraining them, and each of them, and the board of edu-
cation from tearing away the old schoolhouse building at
Cecilville, in that county, abandoning the old school site
and acquiring a new site at a different location in the dis-
trict, and building or attempting to build a new house
upon the new location. The lower court denied the in-
junction and the plaintiffs, Montgomery, et al., have ap-
pealed. With the record is filed an outline map of the
district showing its boundaries and the public roads
which traverse it. The old schoolhouse, used for forty
years or more, is located on the Lebanon pike where it
intersects Loretto pike, and a cross country road. The
village, a small one, is near the southeastern edge of the
district. The school district owns about an acre of
ground upon which the school building stands in the vil-
lage. Around it are some large shade trees and on the lot
is a water well affording plenty of drinking water.

The board of education at a regular meeting, held
on March 23, 1925, entered an order for a new school

building on a new site, to be acquired and erected upon certain conditions, the order reading:

"On motion by S. D. Campbell, seconded by Everett Scruggs, it was moved and voted to erect a new two-room school building for Cecilville district on the corner of Albert Blanford's farm joining Dave Graves, provided three acres of land would be given, also provided one thousand dollars would be given by patrons of district toward expense of building and that all material for the erection of building would be delivered at time needed by contractor. All present voted in the affirmative except T. J. Wheatley, who did not vote."

This new site is about nine-tenths of a mile almost due west of the old schoolhouse and somewhat nearer the geographical center of the district, but appellants insist that it is not near the center of population of the district. The order copied above is assailed as invalid by appellants on the ground that it was made and entered when only four of the five members of the board of education were present at the meeting, only two of whom voted in favor of the making of the order. On the fifth day of June, 1925, the board of education again met, four members being present, and made and adopted the following order.

"Whereas, the site of the schoolhouse in subdistrict No. 6, known as the Cecilville school, is no longer suitable for a schoolhouse for said district, and the site of said schoolhouse is on one side of the district and is otherwise unsuitable as a site, and whereas this board in order to remedy the said condition and desiring to locate the schoolhouse near to the center of the district from what in its discretion it heretofore considered and now considers a better location and in pursuance to the power and authority vested in them did in its discretion on the 23rd day of March, 1925, enter on the record books of the Washington county board of education the following order:

"On motion of S. D. Campbell, seconded by Everett Scruggs, it was moved and voted to erect a new two-room school building for Cecilville district on corner of Albert Blandford's farm joining Dave Graves, provided three acres of land would be

given, also provided $1,000.00 would be given by patrons of district toward expense of building and that all material for the erection of the building would be delivered by patrons at time needed by contractor. All present voted in the affirmative except T. J. Wheatley, who did not vote.

"Which said order was at a subsequent meeting on April 6th, 1925, publicly read in the presence of the members of the board of education holding said meeting, and the minutes of the meeting of March 23, 1925, including said order, were approved and signed by J. R. Claybrooks and J. Harvey Sweeney, chairman and secretary respectively of said board.

"And whereas, some question has been raised as to whether the minutes of said meeting correctly showed the action of said board, S. D. Campbell, seconded by Everett Scruggs, moved the readoption and the reaffirmation of the order entered therein on March 23rd, 1925, on an yea and nay vote being taken S. D. Campbell voted in favor of said motion, Everett Scruggs voted in favor of said motion and T. J. Wheatley voted in favor of said motion and J. R. Claybrooks voted in favor of said motion was declared carried.

"It is therefore ordered by the said board that it do and it does hereby readopt this order entered herein on March 23rd, 1925, as above set out and the same is hereby ratified, approved and confirmed and declared to be correct expression of the judgment and discretion of this board with reference to the location of said schoolhouse site, and the above orders having been prior to adjournment of this meeting entered and spread at large on its record books and publicly read in the presence of the members holding said meeting was approved and ordered signed by the chairman and secretary of this meeting which is now done in the presence of the members of the board holding said meeting."

All four of the members present voted in the affirmative on the foregoing order. It is insisted by appellants that when an order is void, as they contend the first order was, it cannot be amended and validated by a subsequent order such as the one last above copied, so as to make it good. Another contention of appellants is that the board of education abused a sound discretion in changing the location of the school building.

By agreement of the parties a special term of the Washington circuit court was called for the hearing of this case. Many witnesses were heard, most of them patrons of the school district. The circuit court while hearing the case visited the school district, viewed the present location of the schoolhouse and the proposed location, and otherwise acquainted himself with conditions prevailing in the district. After considering the facts thus obtained along with the evidence introduced by the parties the court arrived at the conclusion that the board of education had not abused a sound discretion in the selection of the location for the new schoolhouse, and this we think is fully borne out by the evidence. Certainly the proposed site is nearer the center of the school district than the old one, and is about the center of population. The record discloses no evidence which would warrant this court in concluding that the trial court was in error in holding that the board of education was within its exclusive province and had not abused a sound discretion in selecting and fixing the site for the new schoolhouse. The board of education is vested with broad powers with respect to the location and erection of school buildings by section 4434-6, Kentucky Statutes. It may either buy, lease or rent a school site, or build or repair a school building. It has the exclusive power to acquire sites and build buildings, purchase maps, globes, charts and school furniture. That section of the statute expressly invested the county board with the title and custody of all schoolhouses, sites and property, and further authorized the board to sell and convey the same or any part thereof, when it becomes unnecessary or unsatisfactory for school purposes in the opinion of the board. In other words, the board may exercise a discretion, and this discretion when properly exercised—not abused— is binding and conclusive upon all persons interested. In the recent case of Cunningham v. Board of Education, 202 Ky. 763, it was held that a site selected by the county board must be approved, even though it is not in the exact center of the district, if it does not appear that the board has abused a sound discretion.

Appellants' insistence that the order of the board of March 23, 1925, providing for a new site and a new building for the district is invald because receiving less than a majority of all the votes of the board present at the meeting is not well taken, because it appears from the record that four members of the board were present

and participated in the meeting and that all of them voted in the affirmative except T. J. Wheatley, who did not vote. Four is a quorum of a body composed of five, and a quorum of a board of education, such as this, has all the power which the entire board could exercise if present. It may make any order or appropriation that the entire board may make. When four, a quorum of the board, are present a majority of that quorum voting in the affirmative carries the order, and it has the same force and effect as if all the members present should vote for it. It was held in the case of Ray v. Armstrong, 140 Ky. 820, that the member of a board who was present but not voting must "be construed as concurring with the majority. His silence is acquiescence rather than opposition. His refusal to vote is, in effect, a declaration that he concurs with the majority. Otherwise he should vote against the majority, which would have defeated the proposition." Much respectable authority may be cited in support of this principle. It follows, therefore, that T. J. Wheatley, member of the board who was present at the meeting on March 23, 1925, when an order of which appellants now complain was passed and entered upon the record books of the board, must be counted as having voted in the affirmative, thus making all of the members present voting in the affirmative. The order, having received a majority of the quorum present, was valid. It, however, appears to be merely a prospective or preliminary order looking to the selection of a new site for the schoolhouse and the erection of a new building, provided patrons of the district would donate the land and raise as much as $1,000.00 as contribution to the cost, and the order was not to become operative until the land for the site was donated and $1,000.00 raised. These conditions were complied with by patrons of the district, three acres of land being donated for the site at the desired place and $1,000.00 in money being subscribed for that purpose. After all of these conditions had been complied with and a tract laid off for the erection of the schoolhouse, the board entered a second order, copied above, confirming the first order. Only four members of the board were present at that meeting but all present voted in the affirmative. The validity of this order is not challenged. Members of school boards are not generally lawyers and sometimes they have no attorney to advise them in the preparation of their minutes and orders, but this does not invalidate

the proceedings if, when read in the light of the surrounding circumstances, the intention of the board is clearly manifest. Such boards in the preparation of their minutes and orders are not held to the same strict rules as apply to orders and judgments of courts.

A review of the record discloses no error which would warrant a reversal of the judgment dismissing the petition.

Judgment affirmed.

## Davis v. Stoll, Judge.

(Decided March 12, 1926.)