234 S.W.2d 639 (1950)
MULLINS et al.
v.
EVELAND et al.
No. 21375.
Kansas City Court of Appeals, Missouri.
November 13, 1950.
*640 Harry A. Hall, Kansas City, for appellants.
E. A. Farris, Richmond, John S. Lodwick, Excelsior Springs, for respondents.
CAVE, Judge.
This is an action under the Declaratory Judgment Law, Sec. 1126, et seq. R.S.Mo. *641 1939, Mo.R.S.A., to determine the validity of an alleged annexation of Graham School District No. 12 with the adjoining Lawson Special School District as provided in Sec. 10484, Laws 1947, p. 507. From a judgment upholding the validity of the annexation, this appeal is prosecuted.
The plaintiffs (appellants) first contend that the court erred in sustaining the annexation for the reason that the Board of Directors of the Graham District did not hold a lawful meeting for the purpose of calling such an election.
On this point, the record discloses that Messrs. Hunt, Eveland and Williams constituted the Board of Directors of the Graham common school district; that on December 13, 1948, Mr. Eveland, president of the Board, presented to the Board a petition which had been signed by more than ten qualified voters of such district requesting the directors to call a special election for the purpose of such annexation. This petition described the common school district as the "Graham School District," without adding "No. 12." There were no minutes kept of that meeting, but the evidence is that at least two members of the Board doubted the legality of the petition because it did not describe the district as "District No. 12." It was decided not to take any action on the petition until its legality could be ascertained. The record indicates that Mr. Eveland consulted an attorney and was advised that the petition, as presented, was legal, and on the next afternoon, December 14, he telephoned the other two Board members that a meeting would be held that evening at the home of Mr. Williams. Director Hunt told Mr. Eveland that he would not attend the meeting because he had not changed his mind about calling the election, but the meeting was held with Mr. Eveland and Mr. Williams present, and Mrs. Williams, the Clerk of the Board, was also present. The trial court found, and the evidence supports the finding, that at this meeting "Eveland voted in favor of accepting said petition and in favor of posting proper notices calling for an election on said proposition of annexation; that the other member of said Board, Williams, refused to vote either way but remained silent; that defendant, Eveland, as such President then ordered the Clerk to post notices calling said election * *."
The minutes of the Board meeting of December 14 read: "Meeting called to order by the President, Allen Eveland, with one member absent. A petition was got up and signed by majority to annex Graham School District with Lawson Special School District. A special meeting for election was posted to be December 30, 1948, at school house to vote on same. This was done by the President as one member was absent and the other member refused to have anything to do with it. The posters were signed by the Clerk by order of the President and were to be posted by the President on Dec. 15. Mrs. Oscar Williams, Clerk."
Plaintiffs contend that under these conceded facts there was no action taken by the Board of Directors as such; that the calling of the election and the posting of the notices thereof were the individual actions of Mr. Eveland and not of the Board.
Plaintiffs' contention is unsound. There were two of the three members of the School Board present and by their presence constituted a quorum for the transaction of business, and it became and was the duty of each member to vote for or against any proposition which was presented to them. Mr. Eveland voted in favor of submitting the question of annexation and Mr. Williams did not vote. His reasons for not voting are of no consequence because, as stated above, it was his duty to vote for or against the question submitted. In Bonsack & Pearce, Inc. v. School Dist. of Marceline, 226 Mo.App. 1238, 49 S.W.2d 1085, we held that when a member of a school board sits silently by when given an opportunity to vote, he is regarded as acquiescing in, rather than opposing, the measure, and is regarded in law as voting with the majority; citing many authorities from other jurisdictions. Plaintiffs seek to distinguish the Bonsack & Pearce case on the ground that the facts are somewhat different. They say that Mr. Williams did not sit silently by when the proposition was *642 submitted, but that he testified at the trial in the circuit court that he wanted the meeting adjourned for two or three days until the Board of Directors of the Lawson School District could meet. He did so testify but such an attitude might have justified him in voting against the proposition, but when the question was submitted he elected not to vote at all, which the cases say must "be construed as concurring with the majority." Ray v. Armstrong, 140 Ky. 800, 131 S.W. 1039, 1049; Montgomery v. Claybrooks, 213 Ky. 493, 281 S.W. 469.
Plaintiffs argue at some length that all three of the Board members had held a meeting on the night of December 13 and decided to reject the petition presented because it did not properly describe the Graham School District as "District No. 12." There were no minutes kept of that meeting and it appears to have been an informal meeting of the Board without any final action being taken. There was no record kept of that meeting at all. We do not believe that meeting or conference has any bearing upon the action taken on the night of December 14.
Plaintiffs also argue that the meeting of December 14 was unlawful because the members were not given due notice of the time and place of the meeting. Sec. 10422, R.S.1939, Mo.R.S.A. The evidence is that the president of the Board telephoned the other two members about 4 p.m. on December 14 of a meeting on that evening, and of the place and purpose of the meeting. The record also discloses that the proposition of annexation had been discussed informally by the members some time prior to December 14, and that they were familiar with the question. Neither Mr. Hunt nor Mr. Williams objected to the shortness of the time when notified of the meeting, and when they testified at the trial they made no complaint on that ground. While the time was rather short, under all the facts in this case, we would not be justified in holding the meeting void for that reason. Plaintiffs cite Johnson v. Dye, 142 Mo.App. 424, 127 S.W. 413. That case is not in point because the time of notice of the meeting was not in issue. The president did not call any meeting in that case, but the directors acted separately. They also cite Ex parte Trant, 238 Mo.App. 105, 175 S.W.2d 161. That was a proceeding to have Trant adjudged a person of unsound mind and confined in the State Hospital for the insane. We held that the notice of the hearing, which was issued and served on the same day of the hearing, was insufficient under the statute applicable to such proceedings, but it is not controlling in the instant case.
Since we hold that the action taken on the evening of December 14 was the action of the Board and not of the president alone, the cases cited by the plaintiffs to the effect that the action of one member of a board cannot bind a district, have no application.
Plaintiffs' next contention is that the Board of Directors had no authority to order an annexation election in December, 1948, because on June 4, 1947, the required number of qualified voters of common school districts Nos. 10, 12 and 13 of Ray County had filed a petition with the County Superintendent of Schools for consolidation of the three districts, and that such proceedings were pending and had not been acted upon by the Superintendent at the time of the annexation election in question. The petition requested the superintendent to hold an election "pursuant to the provisions of Sec. 10487a, Missouri Statutes Annotated, and Laws of 1945, relating to the formation of consolidated school districts, * * *." We understand that plaintiffs concede that this petition would be insufficient to organize a consolidated district under said Sec. 10487a because that section provides for the consolidation of city, town or consolidated districts and does not apply to common school districts. However, they argue that the petition is broad enough to authorize the Superintendent to call an election for the consolidation of the three common school districts under the provisions of Sec. 10495, R.S.1939, Mo.R.S.A.
Under our view of the case, it is unnecessary to decide this particular question, for the reason that the petition seeking *643 to consolidate these three common school districts was filed with the Superintendent of Schools on June 4, 1947, and no action whatever had been taken by him or by any one else to effectuate the purpose of said petition in December, 1948, and it can be inferred from his testimony that he did not intend to take any action thereon. The record justifies the conclusion that the three districts and the Superintendent had abandoned that plan of consolidation. Both sections, supra, contemplate prompt action on the part of the Superintendent in calling an election. Sec. 10495 requires that "the plats and notices shall be posted within thirty days after the filing of the petition." Under such circumstances, we are unwilling to hold that the mere filing of the petition with the Superintendent, and no further action being taken by him or by any one else for a period of eighteen months, would justify the conclusion that the Superintendent had exclusive jurisdiction of the subject matter. To hold otherwise would place in the hands of a County Superintendent of Schools the power and authority to prevent the consolidation of school districts by merely retaining possession of such a petition for an indefinite period of time. The whole plan and scheme of the school law is designed to prevent such a situation. Authorities cited by plaintiffs are clearly distinguishable on the facts.
Plaintiffs' last contention is that Graham School District No. 12 had been included by the County Board of Education acting under Sec. 10449.1-13, Laws 1947, vol. 2, p. 370, et seq., Mo.R.S.A. § 10449.1 et seq., and that the annexation election was illegal. The last sections referred to provide for the creation of a County Board of Education, the general duties of which are to make a comprehensive study of the school conditions in each county and to draft plans for the consolidation of districts and submit such plans to the State Board of Education for examination and approval or disapproval, and for elections to carry the plans into effect, if approved by the State Board of Education. It is unnecessary to discuss this new and broad plan affecting our county school systems. Suffice it to say that the trial court found "that the County Board of Education of Ray County has never made or submitted any plans for the reorganization of school districts of Ray County." The evidence supports this finding.
Witness Vaughn Smith, who was a member of the County Board of Education of Ray County, testified that the Board had not provided or submitted a plan under this law. Witness Brynjulfson, who was chairman of the County Board, testified that on December 8, 1948, he held a meeting with the Board of Directors of five school districts, one of which was Graham, and that the Board members voted to approve a plan looking to the consolidation of said five districts under the new county reorganization school law. It cannot be said from his testimony that the County Board had, at that time, made or adopted any county-wide reorganization plan. The most that can be said is that the question was under consideration by the County Board and that no action whatever had been taken by the State Board.
We think the trial court properly found that no plans had been made for the reorganization of the school districts of Ray County. Consequently any tentative plans, which were under consideration, would not prevent Graham School District from voting to become annexed to the Lawson District.
The judgment is affirmed.
All concur.