[EDITORS' NOTE: THIS OPINION HAS BEEN WITHDRAWN.]
FILED 162
Honorable Danny Staples Representative, District 153 Eminence, Missouri 65466
Dear Representative Staples:
This opinion is issued in response to your request for an official ruling as to whether a non-certified person is legally hired by the directors of a six-member school district board when three members of the board vote in favor of such hiring, two members abstain and one member votes against the hiring. We understand that the members of the board who abstained did not do so on the basis of Missouri's constitutional prohibition against nepotism, Article VII, Section 6, Missouri Constitution.
Section 162.301(3), RSMo Supp. 1975, dealing with the operation of school boards, provides in part:
 "A majority of the board constitutes a quorum for the transaction of business, but no contract shall be let, teacher employed, bill approved or warrant ordered unless a majority of the whole board votes therefor. . . ." (Emphasis added).
Thus, under normal circumstances, personnel could not be hired by a six-member board unless four members voted in favor of hiring. However, in Bonsack Pearce, Inc. v. School Districtof Marceline, 49 S.W.2d 1085 (K.C.Mo.App. 1932), the court relied on the principle that a school board member present at a meeting has a duty to vote for or against any proposition presented. In that case, the court stated, 49 S.W.2d at 1088:
 "[2] Five of the six members of the school board were present and by their presence constituted a quorum, and it became and was the duty of each and every member to vote for or against any proposition which was presented to them. . . .
 "[I]t being the duty of every member of a public body to vote, if any member remains silent and does not vote, he is regarded as voting with the majority. . . ."
A similar result was reached in Mullins v. Eveland,234 S.W.2d 639 (K.C.Mo.App. 1950), where the court reaffirmed the principle that a school board member who has a duty to vote but does not is viewed as voting with the majority. Both the Mullins
and Bonsack Pearce cases were decided under statutes similar to Section 162.301(3), quoted above, which provided that certain actions could not be taken unless a majority of the whole board voted therefor.
In Opinion No. 249-1965, this office was asked to consider a situation in which four members of an eight-member board of aldermen had voted for a proposition, three voted against and one abstained, where an ordinance required a majority vote of the whole board to enact a bill. Based on the cases and principles discussed above, this office ruled that the vote of the abstaining member should be counted with the majority. A copy of such opinion is enclosed.
In light of these authorities, we conclude that the action of the school board in the situation presented here constituted a hiring of the person then being considered.
CONCLUSION
It is the opinion of this office that where the votes of a six-member school board are three in favor of hiring a non-certified person, one against such hiring, and two abstentions, such person is hired, the votes of abstention being considered as votes with the majority.
The foregoing opinion, which I hereby approved, was prepared by my assistant, Sheila K. Hyatt.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Op. No. 249, 8/6/65, Schechter