Dear Mr. Strong:
This opinion is in response to your question asking:
 When a member of a local government governing body abstains from a vote, should the member be considered as having voted with the majority?
You further state:
 Attorney General Opinion #249 of August 6, 1965, states that when a city council member abstains from a vote, he is considered as having voted with the majority. For the past fifteen years, city officials have followed this opinion.
 Earlier this year in the State of Missouri ex rel. J. R. Stewart v. King, 562 S.W.2d 704, the Kansas City Court of Appeals specifically rejected the proposition that an abstention should be counted with the majority or as a vote in favor of the matter under consideration.
 Because the recent decision conflicts with your earlier opinion, we thought that you might withdraw or revise your opinion in order to clarify the matter.
In our Opinion No. 249, dated August 6, 1965, to Schechter, we considered the effect of an abstention, under § 79.130, relative to fourth class cities, which requires a vote of the majority of members elected to the board of aldermen. We concluded that a member who is present cannot abstain, but if he does, he is considered as voting with the majority.
In the case you cite, State ex rel. Stewart v. King,562 S.W.2d 704 (Mo.App., K.C.D. 1978), the Missouri Court of Appeals, Kansas City District, considered a similar question with respect to the provisions of § 89.060, RSMo, relative to zoning and planning.
Section 89.060 provides in pertinent part that:
 [S]uch amendment shall not become effective except by the favorable vote of three-fourths of all the members of the legislative body of such municipality. . . .
Accordingly, the court stated at l.c. 706:
 In support of the first of those arguments, Stewart relies on the common law rule that a councilman has a duty to vote. As a corollary to that rule, any passed vote is to be treated as an acquiescence in and a vote with the majority. Bonsack Pearce, Inc. v. School District of Marceline, 226 Mo.App. 1238, 49 S.W.2d 1085
(1932); Mullins v. Eveland, 234 S.W.2d 639 (Mo.App. 1950).
 However, this case is governed by statute, not the common law. Section 89.060 requires a favorable vote of [three-fourths of] all the councilmen. This rather clearly means that there must be actual votes affirmatively cast by three-fourths of all councilmen existing at the time of the vote. This precludes counting in favor of passage any vote only constructively (but not actually) cast. (Bracket added)
Although we respectfully question the reasoning of the court in reaching such conclusion, we believe that such opinion is applicable to the votes required under § 79.130
and that we are required to follow the opinion of the court. Because we believe the holding of the court is applicable under the provisions of § 79.130, relative to fourth class cities, if such an alderman abstains from voting, his abstention should not be counted as a vote in any event.
Therefore, we are withdrawing our Opinion No. 249 dated August 6, 1965, to Schechter. We are also withdrawing our Opinion No. 99, dated January 9, 1974, to Johnson.
Because of the confusion which is likely to result in the absence of legislation respecting this subject, we are of the view that there is a need for legislative clarification.
CONCLUSION
It is the opinion of this office that under the holding of State ex rel. Stewart v. King, 562 S.W.2d 704 (Mo.App., K.C.D. 1978), an alderman of a fourth class city who abstains from voting, under § 79.130, RSMo, does not have his abstention counted as a vote.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General