Peggy D. FORBIS, Appellant (Plaintiff),

v.

**FREMONT COUNTY SCHOOL DISTRICT NO. 38, Appellee (Defendant).**

No. 92–104.

Supreme Court of Wyoming.

Dec. 3, 1992.

William L. Miller of Miller & Fasse, P.C., Riverton, for appellant.

Rebecca Lewis of Hirst & Applegate, and Charles E. Graves of Graves, Santini & Villemez, P.C., Cheyenne, for appellee.

Before THOMAS, CARDINE, URBIGKIT and GOLDEN, JJ., and ROONEY, Ret. J.

ROONEY, Justice (Retired).

This is an appeal from the denial of appellant's Motion for a Partial Summary Judgment and the grant of appellee's Motion for Summary Judgment. Appellant words the issue on appeal:

"Did the District court err when it ruled that abstention from voting of school board members on a motion to award a teacher a contract were not votes but nullities in the action taken on the renewal of an initial contract teachers' [sic] contract?"

Appellee words it:

"Was summary judgment appropriately rendered in favor of defendant/appellee Fremont County School District No. 38?"

Appellant was employed by appellee as an initial contract teacher,[1] who would have completed her third year with the 1989–90 school year. On March 29, 1990, at a special School Board meeting, and on April 5, 1990, at a regular Board meeting, a mem-

ber of the Board made a motion to approve the Superintendent's recommendation of non-renewal of appellant's contract. Each motion died for lack of a second. On April 10, 1990, the Superintendent advised appellant in writing that since the Board had not voted to renew or not renew her contract, it would expire at the end of the 1989–90 school year. On June 11, 1990, at a regular meeting of the School Board, a motion was made and seconded that appellant be offered a contract for the 1990–91 school year. The vote was two in favor, one opposed, and two abstained.

As appellant stated in her Pretrial Memorandum and Trial Summary: "The major issue in this case is whether or not Plaintiff's contract was *renewed* for the 1990–91 school year." (Emphasis added). She contends (citing authority) that an abstention from voting is regarded as a vote with the majority, and that the two abstentions on the question at the June 11, 1990 meeting carried the motion four to one.

However, Policy No. 002.514 of the School Board provides in pertinent part: "To pass, any motion must receive three affirmative votes—that is, approval by a majority of all Board members."

 The policy does not specify a "majority" vote for passage. It required three *affirmative* votes. An abstention is just that—an abstention. Under some circumstances, an abstention may be considered as a vote with the majority *when a majority vote is required*, but what is required here for passage is not a majority vote, but three *affirmative* votes. Black's Law Dictionary 55 (5th ed. 1979) defines "affirmative" as "[t]hat which declares positively; that which avers a fact to be true; that which establishes; the opposite of negative." In the abstentions, there was no positive declaration. There was *no* decla-

---

1. Wyo.Stat. 21–7–102 (1992) provides in pertinent part:

"(a) As used in the article the follow definition shall apply:

\* \* \* \* \* \* \*

"(ii) 'Continuing Contract Teacher'.—(A) Any initial contract teacher who has been employed by the same school district in the

state of Wyoming for a period of three (3) consecutive school years, and has had his contract renewed for a fourth consecutive school year; \* \* \*

\* \* \* \* \* \* \*

"(iv) 'Initial Contract Teacher'.—Any teacher who has not achieved continuing contract statutes[.]"

ration, positive or otherwise. There was no establishment of a position here—only silence. There was no *expression* of a stand contrary to negative—there was not expression either way. The necessary approval to renew the contract was not given.

■ The rules and policy are subject to the same construction as that required for contracts and statutes. When the language is plain and unambiguous and conveys a clear and definite meaning, it is unnecessary to resort to rules of construction (here, construing the effect of abstentions), and a writing is not ambiguous if it is not uncertain and susceptible to more than one meaning. *Wyoming Insurance Department v. Avemco Insurance Company*, 726 P.2d 507 (Wyo.1986); *Campbell v. State*, 709 P.2d 425 (Wyo.1985).

Even if it should be necessary to construe the policy, one need not go beyond what is usually the first step in such construction, i.e., the cardinal rule in construction is that the language used must govern. Effect must be given to that expressed in the language employed. *Wyoming Bank and Trust Company v. Waugh*, 606 P.2d 725 (Wyo.1980); *Pilcher v. Hamm*, 351 P.2d 1041 (Wyo.1960); *Fuchs v. Goe*, 62 Wyo. 134, 163 P.2d 783 (1945). Here, the language is plain in requiring three *affirmative* votes.

■ After the special Board meeting on March 29, 1990, and the regular Board meeting on April 5, 1990, appellee properly notified appellant of her termination as required by statute through the April 10, 1990 letter from the Superintendent.[2] Wyo.Stat. § 21–7–109 (1992) provides:

"The board *must* offer a contract for the ensuing year to each initial contract teacher if such is to be offered by April 15, and it must be accepted by May 15 of each year or the position will be declared open." (Emphasis added.)

The abstention of those Board members doing so on the motions of March 29, 1990,

and April 5, 1990, to not renew appellant's contract could have been in anticipation that the contract would terminate on April 15, if not renewed. It did terminate on April 15, pursuant to Wyo.Stat. § 21–7–109. Such section made Board action to renew the contract a "must" to avoid termination. The termination was by operation of law and any action by the Board thereafter would not only be unnecessary, but would be a nullity. Those Board members abstaining from voting could have had such in mind. In any event, the provisions of Wyo.Stat. § 21–7–109 made the effect of abstentions from the vote on June 11, 1990, to be of no consequence with reference to appellant's employment status since she had been previously terminated from the position April 15.

Affirmed.

URBIGKIT, J., filed a dissenting opinion.

URBIGKIT, Justice, dissenting.

This appeal of an administrative board's decision has an importance far beyond the right to continue to teach in Fremont County School District No. 38 as presented by Peggy D. Forbis. This court empirically determines the effect of an abstention from voting when a vote is called on a duly presented motion.[1]

This decision determines that an abstention automatically constitutes a negative vote on the pending issue; at least for governmental bodies for which a statute or rule requires the affirmative vote of the entire membership whether or not present, and, if present, whether or not voting. *See, e.g.,* Wyo.Stat. § 21–3–105 (1992) (regarding school district board of trustees) and Wyo.Stat. § 15–1–115 (1992) (regarding city adoption of ordinances).

Underlying our recognition of this result, the basic issue is whether officials have a right to abstain from voting to escape responsibility for their conduct in handling

---

**2.** The foregoing is sufficient to affirm the rulings of the district court, and the following is not only an additional basis for doing so, but could indicate the motivation for the abstention votes on the matter.

**1.** The question of an abstention for a conflict of interest reason is not presented and will not be discussed. *Cf.* Wyo. Const. art. 3, § 46.

the business of the governmental instrumentality for which they serve as an appointed or elected board member. A particularly abrasive circumstance develops for a member of a school district board of trustees or a member of a city council when a statutory requirement exists for the affirmative vote of a majority of qualified elected members to take any action or adopt an ordinance.

The applicable statutes governing this subject for the school district board of trustees include:

> The board of trustees of a school district shall be the governing body of the school district. A majority of the number of members of the board of trustees shall constitute a quorum for the transaction of business at any meeting of the board of trustees. *No action of the board of trustees shall be valid unless such action shall receive the approval of the majority of the members elected to the board of trustees.*

Wyo.Stat. § 21–3–105 (emphasis added).

> The trustees of each school district shall, within ten (10) days after receiving notification of their election and before assuming the duties of their offices, appear before some person qualified to administer oaths and take an oath for the faithful performance of their duties as required by law.

Wyo.Stat. § 21–3–106 (1992).

> Any member or officer of a board of trustees of a school district who willfully fails, refuses, or neglects to perform any duty imposed upon him by the provisions of this code [§§ 21–1–101 through 21–13–721] shall be guilty of a misdemeanor, and shall be punished by a fine of not more than one hundred dollars ($100.00) or by imprisonment in the county jail for a period of not more than thirty (30) days or by both such fine and imprisonment.

Wyo.Stat. § 21–3–124 (1992).

Significant case law has been cited by the litigants in this case which develops one or the other of two broad concepts for determining the result created by the abstention of any board member. The posture taken by this court accepts the principle that an abstaining vote, by necessity, is a negative vote, in particular for decisions where a majority of the qualified members are required to vote in the affirmative to take action. Cases cited to accommodate this view include: *Prosser v. Village of Fox Lake,* 91 Ill.2d 389, 63 Ill.Dec. 396, 438 N.E.2d 134, 136 (1982); and *State ex rel. Stewart v. King,* 562 S.W.2d 704 (Mo.App. 1978); *see also* J.R. Kemper, Annotation, *Abstention From Voting of Member of Municipal Council Present At Session As Affecting Requisite Voting Majority,* 63 A.L.R.3d 1072, §§ 7 and 8 (1975).

I would have taken the alternative posture, which is to assess an effect to the abstaining voting member as joining with the voting majority as affirmative or negative in finite action on the motion. The point of my departure is a desired refusal to permit defeat of motions by abstention. Support in this case can be found in the text of school board operation Policy No. 002.514, which states a right to a recorded positive or negative vote only and not an abstention.

> To pass, any motion must receive three affirmative votes—that is, approval by the majority of all board members. Votes shall be taken by a voice or by a show of hands. All actions taken on motions passed or denied in the board meeting shall be recorded as unanimous votes except at the request of a member, the chairman shall call the roll and the yeas and nays shall be recorded, including the vote of the chairman.

This rule, that an abstention demonstrates agreement to join the majority in the absence of a call for a recorded individual vote, also comes supported with responsible and established authority. *Seeley v. City of Bridgeport,* 53 Conn. 1, 22 A. 1017 (1885); *Rushville Gas Co. v. City of Rushville,* 121 Ind. 206, 23 N.E. 72 (1889); *Montgomery v. Claybrooks,* 213 Ky. 493, 281 S.W. 469 (1926); *Ray v. Armstrong,* 140 Ky. 800, 131 S.W. 1039 (1910); *Bonsack & Pearce v. School Dist. of Marceline,* 226 Mo.App. 1238, 49 S.W.2d 1085 (1932); *State ex rel. Young v. Yates,* 19 Mont. 239, 47 P. 1004 (1897); *Northwest-*

*ern Bell Tel. Co. v. Board of Com'rs of City of Fargo*, 211 N.W.2d 399 (N.D.1973).

Without reviewing the injustice claimed by this appellant, certainty in Wyoming administrative functions is highly desirable, including the recognition of a mandatory duty of the member to vote in every case (absent a conflict of interest). I would hold when a violation of that duty occurs, there is a recognized vote established to follow the majority. *See Seeley*, 22 A. 1017, which also establishes a duty to vote with its long and well-stated history. *See also State ex rel. Drummond v. Dillon*, 125 Ind. 65, 25 N.E. 136 (1890); *Edwards v. Mettler*, 268 Minn. 472, 129 N.W.2d 805 (1964) (affirmative duty to reject, violation of duty to vote was acquiescence); and *Mullins v. Eveland*, 234 S.W.2d 639 (Mo. App.1950).

However, this court takes the opposite tact, and we now establish community responsibility for the abstaining member to have actually cast a vote in the negative for the pending motion. Responsibility for a board member's abstention is, therefore, equally defined as with those who forthrightly vote for or against the motion then pending. In colloquial terms, sitting on one's hands means being counted to have cast a negative vote.

Within this litigation, in the absence of the existence of this now determined rule, I would have reversed the summary judgment on the basis that the non-voters followed the majority created by those members who did vote. For future conduct of business, the rule that the abstaining voter votes "no," at least where a determined number of affirmative votes is required, is equally satisfactory. By this decision, the board and the electorate should clearly understand that no longer will the subterfuge of clouded intent be created by abstention.

I dissent in believing that injustice to this litigant has occurred, but recognize the benefit of a determined rule which is now established by this court's decision.